MARSHALL v. COMMISSIONER OF INTERNAL REVENUE.

No. 49.

Circuit Court of Appeals, Second Circuit.

Jan. 23, 1945.

James Marshall, Simon Gross, Marvin J. Bloch, Mark Eisner, and Ferdinand Tannenbaum, all of New York City, for petitioner James Marshall, executor of will of Robert Marshall.

Samuel O. Clark, Jr., Asst. Atty. Gen., Sewall Key, A. F. Prescott, and Robert Koerner, all of Washington, D. C., for re-

spondent, Commissioner of Internal Revenue.

Before SWAN, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

The question raised by this appeal from a decision of the Tax Court determining a deficiency in estate taxes on the part of the Estate of Robert Marshall, deceased, to the amount of $322,772.15 is whether the Commissioner of Internal Revenue and the Tax Court were right in holding that certain bequests in trust made by the will of Robert Marshall were not deductible as bequests for charitable, scientific or educational purposes when computing the amount of the estate subject to estate taxes. The will provided for the creation of three different trusts.

The provisions of the will setting forth the objects and purposes of the first or so-called "Economic Trust" are as follows:

"The education of the People of the United States of America to the necessity and desirability of the development and organization of unions of persons engaged in work or of unemployed persons and the promotion and advancement of an economic system in the United States based upon the theory of production for use and not for profit. The objects and purposes herein set forth shall be carried out through lawful means and only through lawful means, and for the purpose of carrying out such objects and purposes, I grant to the Trustees named full power and authority to employ and pay organizers, lecturers and writers and such other assistants and employees as they may deem necessary for properly fulfilling the objects and purposes of the trust as set forth by me herein, and to print, publish and distribute pamphlets, books, magazines and newspapers and generally to use any and all lawful means toward the furtherance of such objects and purposes, and they shall further have the authority to draft bills and acts, laws and other legislation and use all lawful means to have the same enacted into the law of the various States of the United States of America and by the Congress of the United States of America."

The provisions of the will setting forth the second or "Civil Liberties Trust" are as follows:

"The safeguarding and advancement of the cause of civil liberties in the United States of America and the various States and subdivisions thereof by all lawful means and actions, with full power and authority to the Trustees to print, publish and distribute pamphlets, books, magazines and newspapers and generally to use any and all lawful means to bring to the knowledge of the citizens of the United States of America the importance and necessity of preserving and safeguarding the cause of civil liberties. Said Trustees shall have the power to draft bills and acts, laws and other legislation and use all lawful means to have them enacted into the law of the various States and subdivisions thereof and by the Congress of the United States to the end that the civil liberties guaranteed to the citizens of the United States by their Federal constitution and by the various State constitutions be forever maintained, preserved and developed."

The provisions of the will setting forth the third or "Wilderness Trust" are as follows:

"The preservation of the wilderness conditions in outdoor America, including, but not limited to, the preservation of areas embracing primitive conditions and transportation, vegetation and fauna, and to that end said Trustees shall have full power and authority to employ and pay lecturers and writers and such other assistants and employees as they may deem necessary for properly carrying out the purposes of the trust and to print, publish and distribute pamphlets, books, magazines and newspapers and generally to use any and all lawful means to increase the knowledge of the citizens of the United States of America as to the importance and necessity of maintaining wilderness conditions in outdoor America for future generations, and said Trustees shall be empowered to use all lawful means in opposing statutes or regulations which will or may affect adversely the maintenance of wilderness conditions, and said Trustees shall have the power to draft such bills and acts, laws and other legislation and use all lawful means to have the same enacted by the various States of the United States of America and by the Congress of the United States as will tend to safeguard and preserve wilderness conditions in outdoor America."

By the Eighth Article of the will, if the trustees should determine that the objects

and purposes of the trust might best be effected through corporate means, they were empowered to organize a corporation or corporations to take and hold the property constituting the trust fund and to devote the principal and income thereof to the objects and purposes specified in the trust.

The Tax Court in an opinion written by Judge Harron held that the value of the bequests embraced in the three trusts was not deductible under Section 812 (d) of the Internal Revenue Code, 26 U.S.C.A. Int. Rev.Code, § 812 (d), which so far as pertinent read as follows:

"(d) *Transfers for public, charitable, and religious uses.* The amount of all bequests, legacies, devises, or transfers * * *, to or for the use of the United States, any State, Territory, any political subdivision thereof, or the District of Columbia, for exclusively public purposes, or to or for the use of any corporation organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes, including the encouragement of art and the prevention of cruelty to children or animals, no part of the net earnings of which inures to the benefit of any private stockholder or individual, and no substantial part of the activities of which is carrying on propaganda, or otherwise attempting, to influence legislation, or to a trustee or trustees, or a fraternal society, order, or association operating under the lodge system, but only if such contributions or gifts are to be used by such trustee or trustees, or by such fraternal society, order, or association, exclusively for religious, charitable, scientific, literary, or educational purposes, or for the prevention of cruelty to children or animals. * * *"

 The "Economic Trust" provided for the education of the people to the necessity and desirability of the organization of labor unions and the promotion of an economic system "based upon the theory of production for use and not for profit" and authorized the trustees in furtherance of such objects to draft bills and use all lawful means to have the same enacted into the law of the various States and by Congress. The "Civil Liberties Trust" contains similar provisions, as does the socalled "Wilderness Trust". These provisions we think show that the amounts bequeathed in trust were not "to be used * * * exclusively for * * * charitable, scientific * * or educational purposes" and therefore were not under Section 812 (d) of the Internal Revenue Code deductible from the value of the gross estate for estate tax purposes. Moreover the trustees, as we have already said, are authorized to organize corporations to hold the trust fund for the purposes specified in the trusts and it cannot be denied that such a corporation would not be one which would be "organized * * exclusively for * * * charitable, scientific * * * or educational purposes", or a corporation "no substantial part of the activities of which is carrying on propaganda, or otherwise attempting to influence legislation." The power to form a corporation which would not be entitled to a deduction, if the bequests had been made to it directly, in our opinion precludes a deduction by the estate. Such a power would be a ready means for evading estate taxes. The provision of Section 812 (d) that in order to render the corpus of the trust deductible it must "be used * * * exclusively for * * * charitable, scientific * * * or educational purposes" surely is not complied with when the trustees under a will are empowered to turn over the trust res at any time to a corporation which would have been subject to estate taxes if it had taken directly under the will.

It is argued that because the trustees were not directed but only authorized to draft bills and to use all lawful means to have legislation enacted in aid of the objects of the three trusts that their power to indulge in political activities was merely incidental and ancillary to charitable or educational objects that were primarily to be promoted. On this ground they seek to distinguish Slee v. Commissioner of Internal Revenue, 2 Cir., 42 F.2d 184, 72 A. L.R. 400, and Vanderbilt v. Commissioner of Internal Revenue, 1 Cir., 93 F.2d 360. But, a dominant object of the first trust was to eliminate the capitalistic system and a designated method, and perhaps the only practicable one for achieving this result, was by securing legislation. However lawful such a means is it necessarily will involve political agitation which, as we said in Slee v. Commissioner of Internal Revenue, 2 Cir., 42 F.2d 184, 185, 72 A.L.R. 400, "must be conducted without public subvention." Such political activity was plainly designed to effect the objects for which

the trust was created. The same thing is true of the political activities involved in carrying out the second trust to advance civil liberties, many of which can only be attained or effectively maintained through specific legislation. The third trust to acquire and preserve wild tracts also involves legislation if there is to be any practical advance toward the objects sought to be attained.

The objects aimed at in all three trusts are to a substantial extent political, however desirable the politics may be thought to be by some. They differ from Girard Trust Co. v. Commissioner of Internal Revenue, 3 Cir., 122 F.2d 108, 138 A.L.R. 448, in that there was no doubt that the bequest there was to a corporate board of the Methodist Episcopal Church and there was no question that the trust fund would be deductible except for the activity of the legatee in attempting to influence legislation. In the case at bar the objects of the trusts were not to promote ends long accepted as socially desirable but to reform rather than merely to support existing systems. The decision of the Court of Appeals in International Reform Federation v. District Unemployment Compensation Board, 76 U.S. App.D.C. 282, 131 F.2d 337, may be distinguished in a similar way, though there is room for difference as to whether the activities of the corporation involved in that case were not so political as to take it out of the classification of "charitable" corporation, as Judge Miller argued in his dissenting opinion.

But, irrespective of whether the political activities authorized under the provisions of these trusts would prevent the deduction of the trust property from assets in computing estate taxes in the absence of provisions in the will of Robert Marshall for incorporating the trusts, we see no escape from the liability of the petitioner for those taxes when such provisions are in the will and the corporation which might be formed would not be one where no substantial part of the activities would be directed toward "carrying on propaganda, or otherwise attempting to influence legislation." Under the circumstances we think it clear that the gifts would not be used "exclusively for * * * charitable, scientific * * * or educational purposes."

For the above reasons the order of the Tax Court was right and is affirmed.