## SHARPE'S ESTATE v. COMMISSIONER OF INTERNAL REVENUE.

### No. 8746.

Circuit Court of Appeals, Third Circuit.

Argued Feb. 9, 1945.

Decided March 6, 1945.

As Amended March 15, 1945.

John Lloyd, Jr., of Atlantic City, N. J. (Lloyd, Horn & Perskie, of Atlantic City, N. J., on the brief), for petitioner.

Leonard Sarner, of Washington, D. C. (Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key and A. F. Prescott, Sp. Assts. to Atty. Gen., on the brief), for respondent.

Before PARKER and GOODRICH, Circuit Judges, and LEAHY, District Judge.

GOODRICH, Circuit Judge.

The testator with whose earthly affairs this appeal is concerned died in New Jersey in the year 1938. His residuary estate was bequeathed to the Union Trust Company of Pittsburgh, Pennsylvania, also trustee of an inter vivos trust decedent had set up a short time before. Two questions are before us with regard to the incidence of the Federal Estate Tax upon the decedent's estate. The first, and principal one, relates to a claimed exemption for a charitable purpose, the next relates to a deduction of trustee's fees. The Tax Court decided against the petitioner on both points and upon that decision review and reversal are sought here.

I.

Testator in his lifetime was greatly interested in the doctrines of Henry George relating to single tax. The gift on which this litigation turns was one to the United Committee for the Taxation of Land Values, Limited, an English corporation. The language in which the gift was made was supplied to the draftsman of the trust agreement by the testator himself. Counsel for the executor contends that it was language of a layman who was interested in accomplishing an object he desired without consciousness of any tax problem involved. While this is not proved one way or the other we may assume it to be the fact and turn our attention to the language furnished by the testator to the draftsman of the trust which became a part thereof. He says:

"The Donor wishing to continue the support he has long given the United Committee for the Taxation of Land Values, Limited, and to assist it in maintaining its future activities directs that the payments hereinabove directed to be made to the said the United Committee for the Taxation of Land Values, Limited, primarily be used and expended by the said the United Committee for the Taxation of Land Values, Limited, for the distribution of literature advocating the justice and expediency of taxing land values and exempting from taxation the improvements, industries, and the processes of exchange, and in such other ways of expenditures as the said the United Committee for the Taxation of Land Values, Limited, shall from time to time deem wise and expedient, provided, however, that all such expenditures shall be in accord and consistent with the aim and purpose of this gift, which is to promote a wider knowledge and a greater appreciation of the moral basis and economic principle of what has come to be known as the Single Tax as developed and set forth by Henry George in his book entitled 'Progress and Poverty'. Any such payments so made by the Trustee, however, shall be without liability on the Trustee to see to the proper application of the expenditure of the same."

The date of the decedent's death makes § 303(a) (3) of the Revenue Act of 1926 applicable after the 1934 amendment,[1] and before the amendment of 1942.[2] The applicable exemption allows a deduction to the extent of "The amount of all bequests, legacies, devises, or transfers, * * * to or for the use of any corporation organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes * * * and no substantial part of the activities of which is carrying on propaganda, or otherwise attempting, to influence legislation * * *."

The Tax Court concluded, although on evidence which it did not deem completely satisfactory, that the United Committee was an organization, a substantial part of which was the carrying on of propaganda and influencing legislation. This evidence consisted of such reports as were made available of the activities of the Committee, an expression of its purposes as shown in its charter and an accompanying memorandum. We think the evidence sufficient to support the conclusion reached and, in any event, the taxpayer does not contest it. He says, rather, that this was a gift in trust for purposes which were not propaganda and, therefore, entitled the testator's estate to the exemption even though the trustee, itself, might, with the money, engage in activities which were not within the exemption clause.

The basis of this argument, as the taxpayer's counsel urged it before this Court, rests largely on the proviso in the

---

[1] C. 27, 44 Stat. 9, 72, as amended by § 807 of the Revenue Act of 1932, c. 209, 47 Stat. 169, 282, and § 406 of the Revenue Act of 1934, c. 277, 48 Stat. 680, 755, 26 U.S.C.A. Int.Rev.Acts, pages 234–236.

[2] § 409(a), c. 619, 56 Stat. 798, 949, 950, 26 U.S.C.A. Int.Rev.Code, § 812(d).

testator's trust agreement, found in the language quoted above. But we do not see in the language supplied by the testator, himself, any such limitation on the use of the money by the United Committee that brings in the trust law question which counsel has clearly and ably argued. In the paragraph the settlor expresses his continuing interest and sympathy with the work of the United Committee. He makes a gift primarily for the distribution of literature. Obviously, such literature can be political propaganda and there was some evidence of pamphlets being distributed at election-time. Then he goes on to remove any mandatory effect of his "primary" direction by leaving the expenditure to the sense of wisdom and expediency on the part of the United Committee. Then follows the proviso that the expenditure shall be in accordance with the aim and purpose of his gift. Now the general aim and purpose of his gift he defines again in the language which is certainly not inconsistent with that used in the opening statement of the paragraph. We think his language is redundant but not inconsistent. But it was language supplied by a layman and for an enterprise which was to continue after his death. He could not know what changes the donee corporation might make in the future, but he quite evidently did have the single tax program in mind as the one he wanted to aid. We think his language did not put any limitation upon the United Committee with regard to that program.

The decision of this Court in Girard Trust Co. et al. v. Commissioner of Internal Revenue, 3 Cir., 1941, 122 F.2d 108 is cited by both sides. We have no occasion to doubt its correctness, although we note that the Tax Court is still unconvinced. Two points should be noted about it in connection with this case. First, the facts on which it is based occurred before the 1934 amendment. Secondly, the problem there was whether the gift in question was for a religious purpose. Our discussion was written to show that such was the fact.

The local law determines whether a charitable trust has been created, of course. But the taxability of the estate is not a matter of local law, but turns on the question whether the particular gift is within the exemption of the federal statute. We conclude that it was not. Leubuscher v. Commissioner of Internal Revenue, 2 Cir., 1932, 54 F.2d 998; Slee v. Commissioner of Internal Revenue, 2 Cir., 1930, 42 F.2d 184, 72 A.L.R. 400, and Marshall v. Commissioner of Internal Revenue, 2 Cir., 1945, 147 F.2d 75, have been noted in connection with the instant case.

## II.

The second question concerns the deductibility of future commissions presumably to be earned by the trustee.[3] Testator made a revocable gift in trust in his lifetime, then made the trustee a residuary legatee of his estate and added that legacy to the trust. The trustee was directed to pay a certain portion of the corpus each year to the United Committee following out that program and bringing the entire trust to an end in twenty-five years. The deduction sought here is an estimated commission to the trustee for the services thus to be performed.

To the extent that the applicable Regulation settles the matter such a charge is not deductible. Treasury Regulations 80 (1937 ed.) Article 33 provides inter alia: "Amounts paid as trustees' commissions do not constitute expenses of administration and are not deductible, whether received by the executor acting in the capacity of a trustee or by a separate trustee as such."

We think the distinction maintained in the Regulation between executors' commissions and trustees' commissions is a sound one. The work of the executor is part of the settlement of a decedent's estate. It is done for the benefit of all who are interested, his creditors, his next of kin, his legatees. But the carrying on of the trust is a different enterprise, not in settlement of a dead man's affairs, but for the benefit of the beneficiaries of the trust. It operates to continue the affairs of the living, not to close up those of the departed. Central Hanover Bank & Trust Co. v. Commissioner of Internal Revenue, 2 Cir., 1941, 118 F.2d 270 is directly in point and we think it is correct.[4] That decision

---

[3] The applicable statutory provision is § 303(a) (1) of the Revenue Act of 1926, c. 27, 44 Stat. 9, 72, as amended by § 805 of the Revenue Act of 1932, c. 209, 47 Stat. 169, 280, 26 U.S.C.A. Int.Rev.Acts, page 232.

[4] Commissioner of Internal Revenue v. Davis, 1 Cir., 1943, 132 F.2d 644, is distinguishable, we think. There the commissions had to do with the winding up of decedent's estate so that distribution could be made in accordance with the will.

points out the fact that the amount of such commissions over future years is conjectural. This is another and valid reason for not deducting them in addition to the one already noted.

The decision of the United States Tax Court is affirmed.