ESTATE OF HARLEY J. DAVIS, LINCOLN NATIONAL BANK AND TRUST COMPANY, EXECUTOR, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 57320. Filed June 14, 1956.

*C. Severin Buschmann, Jr., Esq.*, and *David Peters, Esq.*, for the petitioner.

*John L. Carey, Esq.*, for the respondent.

---

**OPINION.**

Bruce, *Judge:* The sole issue is whether the bequest in Item V of decedent's will is a charitable or educational bequest and thus deductible under section 812 (d), Internal Revenue Code of 1939, in arriving at the net estate for Federal estate tax purposes. That section provides that, for the purpose of computing the Federal estate tax, the value of the net estate should be determined by deducting from the value of the gross estate:

(d) * * * The amount of all bequests * * * to a trustee * * * but only if such contributions or gifts are to be used by such trustee * * * exclusively for religious, charitable, scientific, literary, or educational purposes * * *

Respondent contends that the bequest is not deductible on the ground that there is no religious, charitable, or educational purpose in the bequest, that decedent indicated no desire to control or direct the use to which the awards might be put by the student nurses, and that the awards were intended as "compensation" for the nurses.

Preliminarily it should be pointed out that the payments to the student nurses in no way constituted compensation. Compensation connotes payment for services rendered. Here the student nurses rendered no services to the decedent. There was no contractual relation, past or present, between the decedent and the recipients and no legal or moral obligation for him to pay them anything. What the knowledge that the students were not paid for their work at the hospital did do, however, was to call the attention of the decedent to the needs of student nurses for some financial help in meeting the expenses of their training. Thus the lack of compensation for their work did furnish the motive for the creation of the trust fund out of which such assistance might be rendered.

The bequest was not made directly to the student nurses, as respondent appears to have treated it, but was one in trust to a bank with directions to invest it and use the proceeds and whatever principal might be required in making awards to the student nurses enrolled in the school at the time of decedent's death, or who might thereafter attend the school. The trust was one for the benefit of a general class without personal specification or identification, none of whom were in any way related to or even known to the decedent.

Under the statute, the word "exclusively" has been liberally construed, and a bequest is deductible if its general or predominant purpose is religious, charitable, scientific, or educational. *Estate of Robert Marshall*, 2 T. C. 1048, 1051, affd. 147 F. 2d 75, certiorari denied 325 U. S. 872, rehearing denied 326 U. S. 804; *Huntington National Bank*, 13 T. C. 760. In our opinion the bequest herein meets every requirement of the statute and is deductible under the provisions of section 812 (d) of the Internal Revenue Code of 1939. Cf. *Amy Hutchison Crellin*, 46 B. T. A. 1152, 1155; *Estate of Carolyn E. Gray*, 2 T. C. 97; *Eagan* v. *Commissioner*, 43 F. 2d 881.

The fact that the student nurses were not limited in the application of the amounts to the payment of their tuition is not material. The furnishing of their own uniforms, books, hospitalization insurance, and other incidental expenses is just as necessary to their training as the payment of their tuition. Had the application of their award been limited, it might not have been of any benefit to those student nurses who were already enrolled in the school at the time

of decedent's death and who may have already paid their tuition, but who did have need of financial assistance in meeting their other expenses. The bequest does not lose its character as a gift for charitable or educational purposes merely because some of the recipients may not have had need for such assistance, particularly where, as here, the class is not so small that the community does not benefit from the aid given them. Cf. *Estate of Carolyn E. Gray, supra; Bok* v. *McCaughn*, 42 F. 2d 616.

Nor, finally, does the bequest made in Item IV of decedent's will negate the educational character of the bequest in Item V, as respondent suggests. In our view the one is as much a charitable or educational bequest as the other.

Accordingly we hold that the bequest by decedent of his residuary estate in trust for the benefit of the student nurses then enrolled in or thereafter attending the Lutheran Hospital School of Nursing, as provided in Item V of his will, is deductible as an educational bequest under section 812 (d) of the Internal Revenue Code of 1939.

Reviewed by the Court.

*Decision will be entered under Rule 50.*

———

PIERCE, *J.*, dissenting: In my opinion, gifts made to or for the benefit of all individuals who happen to be enrolled as students in a particular school as of a particular date, do not qualify for deduction as gifts "to be used * * * exclusively for * * * charitable * * * or educational purposes"; and this seems especially true where the individuals composing such class are to be determined without regard to financial need and without regard to whether even their own educational expenses have been paid by them personally, and where there is no restriction whatever on how the gifts may be used by such individuals.

Nor do I think the result is different where the money for such gifts is transferred in the first instance to a bank, as trustee, which is not a charitable or educational organization, which has no control or discretion respecting how the gifts shall be used by the individual beneficiaries, and which is directed to identify such beneficiaries merely by inspection of the enrollment records of the particular school.