496 A.2d 1205

**In re ESTATE OF George T. LOUTSION, Deceased.**

**Appeal of PITTSBURGH NATIONAL BANK, Executor.**

Superior Court of Pennsylvania.

Argued March 26, 1985.

Filed July 19, 1985.

James C. McCreight, Washington, for appellant.

Before CIRILLO, MONTGOMERY and BUCHER *, JJ.

PER CURIAM:

This appeal was taken by the corporate executor of an estate from the decree of the Orphans' Court awarding compensation substantially below that requested by the executor, in accordance with a provision of testator's will that compensation should be in accordance with the fee schedule then in use by the corporate executor, in its First and Final Accounting. We hold that the compensation was improperly reduced below that provided for in testator's will, and therefore reverse.

Testator died in 1980, leaving a will which appointed appellant as executor of the estate and stated that this corporate fiduciary would "be entitled to deduct as compensation for its services ... a fee which shall be in accordance with its schedule of charges then in effect." Appellant completed its administration of the estate and filed its First and Final Account, which came on for audit in January, 1983, and which claimed executor's fees totalling $19,079.06 based on a percentage of principal and interest and a charge

* Honorable Wilson Bucher, Senior Judge of the Court of Common Pleas of Lancaster County, Pennsylvania, is sitting by designation.

for special services.  At the audit, no challenge was raised by any of the will's beneficiaries to the amount of compensation claimed by appellant.  The auditing judge, however, felt that the fees charged might have been excessive, and entered a *sua sponte* order for a hearing on the reasonableness of the compensation claimed by the executor.  At that hearing, the beneficiaries of the estate took no position as to the reasonableness of the fees charged by appellant in its role as executor.  The trial court, however, relying on *In Re Reed Estate*, 462 Pa. 336, 341 A.2d 108 (1975), for the proposition that as a rule of thumb executor's commissions of 3% of the estate are reasonable, held that the fees requested by appellants exceeded both the *Reed* rule of thumb and the reasonable value of the services actually performed.  The court therefore allowed a lesser amount of compensation to appellant and, in footnote 3 of its opinion, set forth a graduated schedule of fees based on a percentage of estates of varying sizes which it stated it would use as a guideline in assessing the reasonableness of executor's fees in the future.

■■■■  Appellant argues that the trial court erred in *sua sponte* raising the issue of the reasonableness of the executor's commissions requested by appellant and in *sua sponte* reducing the commissions where the request was in accordance with the provision of the testator's will.  We agree. Although, as the trial court correctly points out, the Orphans' Court has broad discretion to review the reasonableness of a fiduciary's request for compensation, and may raise the issue of reasonableness *sua sponte* in appropriate cases, *see Thompson Estate*, 426 Pa. 270, 232 A.2d 625 (1967), the issue of reasonableness does not arise unless the will is silent as to the amount of compensation to be paid the executor.  Where the testator has made an express provision for the amount of the executor's compensation and the executor accepts his appointment under the will, that provision is binding on all parties, both the executors themselves and the estate, *see Allen's Estate*, 125 Pa. 544, 17 A. 453 (1889); J. Aker, *The Law of Wills in Pennsylva-*

*nia*, § 10.23E (1983); 5A *Remick's Pennsylvania Orphans' Court Practice*, § 39.11(a)(1); *Hunter's Pennsylvania Orphans' Court Commonplace Book*, Commissions § 8(a), unless some misconduct or mismanagement of the estate by the executor warrants reduction of the commission by surcharge. *Lohm Estate*, 440 Pa. 268, 269 A.2d 451 (1970). This is in accord with the fundamental principle of the law of wills that where a court can with reasonable certainty ascertain the intent of a testator through examination of the will itself, resort to consideration of matters external to that document is improper, *see, e.g., Estate of Schwenk*, 507 Pa. 409, 490 A.2d 428 (1985), and the principle of the law of trusts, applicable by analogy in the present situation, that if a trust document is silent as to compensation, a trustee is entitled to receive a reasonable allowance, but if the trust instrument provides the amount of compensation for the trustee, that provision should be enforced by the courts without an independent determination of its reasonableness, *see Duncan Trust*, 480 Pa. 608, 391 A.2d 1051 (1978); *In Re Account of Reed*, 467 Pa. 371, 357 A.2d 138 (1976). *See also Hays' Estate*, 183 Pa. 296, 38 A. 622 (1897) (case law dealing with binding nature of testamentary provisions on trustee compensation equally applicable where executor compensation at issue).

■ Here, the will clearly and unambiguously stated that compensation to the corporate executor was to be in accordance with its fee schedule and there has been no suggestion of any conduct on the part of appellant which might warrant the imposition of a surcharge. Thus, particularly in the absence of any challenge by the estate's beneficiaries to appellant's entitlement to the requested commissions, payment of executor's fees should have been made in accordance with the fee schedule without any inquiry by the trial court into the reasonableness of that schedule. Accordingly, we conclude that the trial court abused its discretion by *sua sponte* reducing the executor's fees in this case, and we vacate its final decree and remand for entry of a decree

compensating appellants in accordance with the provisions of the testator's will.

Decree vacated; case remanded for proceedings consistent with this opinion. Jurisdiction is relinquished.