541 A.2d 374

In re ESTATE OF Nicholas N. SONOVICK.

**Appeal of Norma RENFORS, Trustee of the Trust Created Under the Will of Nicholas N. Sonovick, Deceased.**

Superior Court of Pennsylvania.

Argued Jan. 13, 1988.

Filed May 4, 1988.

Peter J. Verderame, Langhorn, for appellant.

Before CAVANAUGH, ROWLEY and POPOVICH, JJ.

POPOVICH, Judge:

This is an appeal from an order of the Bucks County Court of Common Pleas which reduced the fees and com-

missions paid to an executrix/trustee and her counsel. The appellant, Norma Renfors, is both executrix of the decedent's estate and trustee of a trust created under the provisions of the decedent's will. Prior to adjudication by the lower court, the appellant and her counsel charged the estate and trust fees and commissions totalling $8,000.00. The court reduced the fees and commissions paid to the appellant and her counsel from the estate and trust to a total of $3,000.00. We affirm the order of court.

The appellant questions whether the lower court had a reasonable basis for finding that the fees and commissions were excessive. She argues that fees and commissions are not presumed to be excessive merely because an objector makes that assertion without presenting supporting evidence or testimony. She further contends that the executrix and/or trustee do not bear any burden to present testimony relevant to the reasonableness of the fees and commissions until the objector has proffered evidence pertinent to that issue.

The appellee, Sara Jane Sonovick, divorced spouse of the decedent and mother of the decedent's children, Adam and Dayna Sonovick, filed objections to the accounts stated in the decedent's estate and the trust created by his will. She filed the objections on behalf of her children, Adam and Dayna, who were the principal beneficiaries under the trust. The lower court resolved all but one objection raised by the appellee in favor of the appellant, Norma Renfors, executor and trustee under the will.

Reasoning that the fees and commissions paid out of the estate and trust were excessive, the court reduced the payments made to the appellant and her counsel. The fees and commissions charged on a gross estate of $34,907.54 and paid to the executrix and her counsel amounted to $1,500.00 each. In addition, the fees and commissions charged on a gross trust corpus of $141,850.88 and paid to the trustee and her counsel equalled $2,500.00 each. During the period of January 19, 1984 through March 31, 1985, the trust account accumulated over $8,000.00 in income,

while disbursements to the beneficiaries totalled only $400.00. After reviewing the accounts, the court ordered the fees and commissions paid from the estate to the executrix and her counsel reduced to $750.00 each and the fees and commissions paid from the trust to the trustee and her counsel reduced to $750.00 each. The court then entered said order on June 25, 1987, and this appeal followed.

■ A fiduciary is entitled to "reasonable and just" compensation for the services he provides. *In Re Ischy Trust*, 490 Pa. 71, 82, 415 A.2d 37, 42 (1980); *Williamson Estate*, 368 Pa. 343, 349, 82 A.2d 49 (1951); 20 Pa.C.S.A. § 7185(a).[1] Thus, the fiduciary's entitlement to compensation should be based upon actual services rendered and not upon some arbitrary formula. *In Re Estate of Breyer*, 475 Pa. 108, 379 A.2d 1305, 1311 (1977); *In Re Ischy Trust*, 415 A.2d at 42; *In Re Reed*, 467 Pa. 371, 357 A.2d 138, 142 (1976).

■ Under Pennsylvania law, the determination of whether the compensation claimed by the fiduciary is "reasonable and just" is left to the sound discretion of the trial court. *In Re Estate of Breyer*, 379 A.2d at 1311; *In Re Ischy Trust*, 415 A.2d at 42–43; *In Re Estate of Loutsion*, 344 Pa.Super. 477, 496 A.2d 1205, 1206 (1985). Moreover, in the absence of a compensation provision in the governing trust document or an independent compensation agreement between the parties, the trial court is empowered to determine the value of the fiduciary's services and award reasonable compensation. *In Re Ischy Trust*, 415 A.2d at 42; *In Re Reed*, 357 A.2d at 140–141; *In Re Estate of Loutsion*, 496 A.2d at 1207. Logically, the court also has the authority to reduce to a "reasonable and just" level those fees and commissions claimed by the fiduciary and her counsel. Thus, when reviewing the judgment of the Orphans' Court regarding the allowance or disallowance of a fiduciary's

---

1. 20 Pa.C.S.A. § 7185 Compensation, in pertinent part, reads:
   (a) When allowed.—The court shall allow such compensation to the trustee as shall in the circumstances be reasonable and just, and may take into account the market value of the trust at the time of the allowance, and calculate such compensation on a graduated percentage.

fees and commissions, we will not interfere with the lower court's decision absent an abuse of discretion or a "palpable error". *Estate of Wanamaker*, 314 Pa.Super. 177, 460 A.2d 824, 825 (1983); *LaRocca Estate*, 431 Pa. 542, 246 A.2d 337, 340 (1968); *In Re Breyer*, 379 A.2d at 1311.

■ Instantly, the underlying trust document did not contain an express compensation agreement nor was an independent agreement created by the decedent and the appellant. Consequently, the lower court was obligated, upon appellee's request, to adjudicate the reasonableness of the appellant's and her attorney's compensation and adjust the fees and commissions accordingly.[2]

■ "It is fundamental that an attorney seeking compensation from an estate has the burden of establishing facts which show that he or she is entitled to such compensation." *Estate of Wanamaker*, 460 A.2d at 825, citing *Hempstead v. Meadville Theological School*, 286 Pa. 493, 134 A. 103 (1926). Likewise, a fiduciary bears the burden of proving the reasonableness of his or her commissions. *In Re Ischy Trust*, 415 A.2d at 42; *In Re Estate of Breyer*, 379 A.2d at 1311. In light of the sufficient countervailing evidence profferred through the trust and will accountings, we find that the appellant and her attorney failed to meet their burden of presenting evidence sufficient to establish that the fees and commissions charged to the estate and trust were reasonable. The record reveals that the appellant and her attorney offered no explanation as to how the fees and commissions were computed, what work was actually performed or whether the trust commission was a yearly or one time fee.

Furthermore, we hold that upon review of the trust and estate accountings, the trial court could reasonably determine the appropriate amount of compensation to be paid to

2. Moreover, the Orphans' Court may raise the issue of the reasonableness of compensation *sua sponte* when the will or trust agreement is silent as to the amount of compensation. See *In Re Estate of Loutsion*, 496 A.2d at 1206; *Thompson Estate*, 426 Pa. 270, 232 A.2d 625 (1967).

the appellant and her attorney for their services. We affirm the lower court decision, and note the following passage from its opinion:

We are disturbed by the lack of substantiation of fees totalling $8,000.00 by the trustee/executrix and her attorney. We are especially concerned because the ultimate beneficiaries are minor children, and the estate and trust are not complex. In view of the fact that the trustee/executrix and her attorney have chosen not to present evidence regarding the reasonableness of their fees, we have, therefore, determined the amount of compensation to be $750.00 each to Mrs. Renfors as executrix, and to her attorney. This amount is based upon the amount of the probate estate and our estimation of the effort necessary to file the appropriate documents.

As to the trust, it appears that the insurance proceeds were collected and placed in trust, and a trust accounting was prepared and filed with the court. We find that the amount of $750.00 is a reasonable fee to be paid to Mrs. Renfors as the trustee, and an equal amount to her attorney for their efforts.

(Opinion and Adjudication, p. 10–11).

In light of the simplicity of the estate and trust, the monetary value of the estate and trust and the paucity of actual services rendered by the appellant and her counsel,[3]

3. The estate's net receipts totalled $34,872.34. Over a three month period, the executrix made twenty-one disbursements totalling $16,-321.53 which included the following payments: decedent's funeral expenses, outstanding medical bills, the family exemption, probate costs, her commission and her counsel's fee. She then distributed a total of $18,000 in lump sum payments to the five beneficiaries of the estate. The principal balance of $550.81 plus an additional $1,500.00 in reduced fees and commissions remains undistributed. We parenthetically note that the executrix, the decedent's sister, was a beneficiary of the estate in the amount of $4,250.00.

The trust receipts totalled $141,850.88 which included $101,850.88 in proceeds from four insurance policies and $40,000.00 from the decedent's half ownership interest in his home. The trustee has made two disbursements, her commission and her counsel's fee, totalling $5,000.00. At the time of the most recent trust accounting, interest income on the trust account opened by the trustee totalled $8,066.32. Thus, the remaining balance of the trust totalled $144,917.20 plus the

the lower court's determination that the appellant's commissions and her counsel's fees totalling $8,000.00 were manifestly excessive was not erroneous. Consequently, we find that the lower court did not abuse its discretion by reducing the amount of the appellant's and her counsel's fees and commissions to a "reasonable and just" value. Accordingly, the order of court entered June 25, 1987 is affirmed.

Order affirmed.

additional $3,500.00 derived from the reduction of the trustee's commission and her counsel's fees. As of the date of this appeal, only $400.00 has been distributed to the trust beneficiaries, Adam and Dayna Sonovick.

The trust document provided that the trustee was to use her "sole discretion" in applying the net income and principal of the trust as may be necessary for the "maintenance, support and well being" of the decedent's two children. The trust directed that the trustee pay the expenses for the children's education, including tuition, books, fees and living expenses during the minority and into the majority of the beneficiaries. The trustee, using her discretion, may make a partial distribution of the principal to the first child to reach majority. Once all beneficiaries attain the age of twenty-one, the trust provides that the trustee must distribute the balance of the income and principal to the beneficiaries "in equal share per stirpes."