625 A.2d 1203

**In re ESTATE OF Sarah Henne REES, Deceased.**

**Appeal of Richard W. ROEDER, Alternate Executor and Mehany, Roeder & Smith, Appellants.**

**In re ESTATE OF John N. REES, Deceased.**

**Appeal of Richard W. ROEDER, Executor, and Mehany, Roeder & Smith, Attorney for the Estate, Appellants.**

Superior Court of Pennsylvania.

Argued Feb. 10, 1993.

Filed April 28, 1993.

---

492

James M. Greenfield, Franklin, for appellants.

Mark A. Pacella, Pittsburgh, for participating party.

Before KELLY, JOHNSON and HESTER, JJ.

JOHNSON, Judge:

Richard W. Roeder, (Roeder) senior partner in the law firm of Mahany, Roeder and Smith, in his capacity as executor and attorney for the estates of Sarah Henne Rees and John Nesbit Rees, appeals from the order directing Roeder to reimburse executor's and attorneys' fees in the sum of $269,006 to the John Nesbit Rees and Sarah Henne Rees Charitable Foundation (the Foundation). We vacate as to the amount of unpaid attorneys' and executor's fees plus interest and otherwise affirm the Orphans' Court Order.

John Rees died testate on October 16, 1988, bequeathing his entire estate to the Foundation. On October 24, 1988, Roeder was appointed executor of Mr. Rees' estate. The First and Final Account for this estate was filed with Orphans' Court on December 31, 1990. The principal value of the estate was $5,536,615.29, and nisi confirmation of the account by the court was entered on February 4, 1991.

By Order dated February 7, 1991, the court scheduled a hearing for March 13, 1991, to clarify the status of certain securities in the estate and to determine the appropriateness of the executor's and attorneys' fees. In its order, the court noted that: (1) Mrs. Rees had predeceased her husband by approximately two months; (2) substantial amounts of blue chip stocks held in trust in connection with Mrs. Rees' estate had subsequently poured over into Mr. Rees' estate; and, (3) the aggregate executor's and attorneys' fees between the two estates exceeded $600,000. Order, dated February 7, 1992, P. Richard Thomas, S.J., at 1–2.

At the hearing on March 13, 1991, Roeder testified in his capacity as both executor and attorney for Mr. Rees' estate, offering an overview of his administration. Thereafter, the Commonwealth objected to both the executor's and attorneys'

fees claimed against the estate, contending that the fees were excessive, unreasonable and unsubstantiated by the record. That hearing was continued, and Roeder retained counsel to represent him at the later scheduled hearing.

Sarah Rees died testate on August 20, 1988, and bequeathed the bulk of her estate to her husband. Her estate essentially consisted of stocks and bonds which were held in trust by Pennbank pursuant to an *inter vivos* trust Mrs. Rees had established. John Rees was named as the executor of his wife's estate and he hired Roeder and the law firm of Mahany, Roeder and Smith as his counsel. In administering Sarah Rees' estate, Mr. Rees entered into an agency agreement with Pennbank which redefined Pennbank's role over the stocks and bonds: Pennbank served as a custodian rather than a trustee of the securities. N.T., 7–22–91, at 39; R.R. at 63a.

On October 16, 1988, just 57 days after Mrs. Rees' death, her husband died, and Roeder became the alternate executor of Sarah Rees' estate, as well as the executor of Mr. Rees' estate. In addition, Roeder continued to act as counsel for both estates. Roeder and his law partner, Barbara Smith, also served as trustees of the Foundation, the beneficiary of Mr. Rees' estate.

As the administrator of Mrs. Rees' estate, Roeder renewed the agency agreement with Pennbank on October 20, 1988; only the names of the executors and the relevant dates of effect and execution were changed. Subsequently, during the administration of Mr. Rees' estate, Roeder negotiated another separate agency agreement with Pennbank on July 18, 1989, which was again essentially identical in all respects to the previous two in Sarah Rees' estate. The only changes were in the identification of the estate and the compensation clause which limited Pennbank to the lower of its usual schedule of compensation or 5% of the income receipts. N.T., 7–22–91, at 40; R.R. at 65a.

Consequently, none of the original assets of Mrs. Rees' *inter vivos* trust, which comprised the bulk of both estates, were ever removed from Pennbank's custody. Although no account was ever filed in Mrs. Rees' estate, a comparison of the federal

estate tax returns filed in each case, indicates that out of the $5,520,808.15 in assets reported in John Rees' estate, $5,049,-205.25 were primarily comprised of stocks and bonds received from his wife's estate. (United States Estate Tax Return, form 706).

Roeder competently performed all of the routine services required in each estate. As a certified public accountant, he prepared and filed the state and federal income, inheritance and estate tax returns without challenge.

Additionally, both Roeder and Ms. Smith thoroughly researched options available to the estate if a threatened civil suit for damages, arising out of a morals charge, was initiated against Mr. Rees. John Rees was charged with a crime but he died before the criminal matter was concluded. Hence, no formal civil proceedings were ever instituted.

Roeder testified that the administration of John Rees' estate consumed a considerable, but unspecified, amount of his time for two years. No attorney time sheets or billing records were kept by Roeder's law firm documenting the separation of executorial and attorney services performed in Mr. Rees' estate. Ms. Smith testified that she expended 1,200 to 1,300 hours on the estate over a 13 month period or about 20 hours per week. N.T., 8–7–91, at 85–87; R.R. at 214a–216a.

The account in John Rees' estate indicates that the executor's and attorneys' fees were computed on the following schedules: Executor's commissions—5% on $100,000; 4% on $900,000; 3% on $4,000,000; and, 2% on $520,808.15. N.T., 8–7–91, at 13 and 7–22–91, at 8; R.R. at 142a; 32a. Attorneys' fees—$225 on the first $2,000; 5% on $58,000; and, 3% on $5,460,808.15. N.T., 7–22–91, at 34; R.R. at 58a. These schedules yield the executor's and attorneys' fees claimed against Mr. Rees' estate of $171,416.16 and $166,949.24, respectively, for a total of $338,365,40. Identical fee calculations were applied against the assets when they passed through Mrs. Rees' estate. The claimed executor's and attorneys' fees for Sarah Rees' estate were $130,621.48 and $162,052.91 respectively. The attorney's fees were authorized by John Rees,

as the executor of his wife's estate, pursuant to a fee agreement with Roeder. N.T., 7–22–91, at 33–34; R.R. at 57a–58a.

Ronald Imboden, from Marine Bank's Trust Department, testified regarding the executor's fees claimed by Roeder. He indicated that Marine Bank's usual fee schedule was consistent with that charged against John Rees' estate. N.T., 7–22–91, 7–8; R.R. at 31a–32a. However, Imboden also stated that, if Marine Bank had served as executor of both Mrs. and Mr. Rees' estates, it would have discounted its usual fee against the principal by as much as 50%, not to fall below an overall 2% commission. N.T., 7–22–91, at 11–12; R.R. at 35a–36a.

James Marsh, Jr., Esquire, testified regarding the attorneys' fees claimed by Roeder's law firm in John Rees' estate. Marsh stated that, in his opinion, the attorneys' fees charged were reasonable. N.T., 8–7–91, at 88; R.R. at 245a. Attorney Marsh did not testify regarding the reasonableness of the executors' fee, nor did he consider the reasonableness of the attorney's fees in light of the shared executor's fee. N.T., 8–7–91, at 136; R.R. at 265a.

■ Following a *de novo* hearing beginning on July 22, 1991, the court, finding that the fees claimed were unreasonable, entered the order of April 21, 1992, directing Roeder to reimburse the Foundation for executor's and attorneys' fees. The court failed to enter a decree nisi as required by Pennsylvania Rule of Civil Procedure 1517. Thereafter, without raising post-trial objections, Roeder filed a notice of appeal pursuant to a grant of his Petition to Appeal Nunc Pro Tunc.

In *Donegal Mutual Ins. Co. v. State Farm Mutual Auto. Ins. Co.*, 377 Pa.Super. 171, 546 A.2d 1212 (1988), we held that where the trial court sits without a jury and enters an order which appears to be a final order, we can excuse the failure to file exceptions and entertain the merits of appeals from such an order. Thus, we deem Roeder's appeal, arising from the Orphans' Court order of April 21, 1992, is properly before this Court.

Roeder presents four issues for our review, charging that the Orphans' Court erred by: (1) disallowing the executor's

fees claimed for the estates of Sarah Henne Rees and John N. Rees; (2) disallowing the attorneys' fees for the estate of John N. Rees; (3) directing Roeder, individually, as the executor of Mr. Rees' estate, to refund the disallowed attorney's fees; and, (4) including in its calculation of attorneys' and executor's fees certain amounts to be refunded that were never paid to the executor or the attorneys.

Preliminarily, we consider the law that governs our decision when reviewing an Orphans' Court's determination to disallow a claim for executor's and attorneys' fees. The Probate, Estates and Fiduciaries Code, 20 Pa.C.S. § 3537, directs that "[t]he court shall allow such compensation to the personal representative as shall be reasonable and just, and may calculate such compensation on a graduated percentage." "While as a matter of convenience, the compensation of a fiduciary may be arrived at by way of percentage, the true test is always what the services were actually worth and to award a fair and just compensation therefor." *In re William-son's Estate,* 368 Pa. 343, 349, 82 A.2d 49, 52 (1951). Likewise, attorney's fees in an estate are based on the reasonable value of the service actually rendered. *Dorsett v. Hughes,* 353 Pa.Super. 129, 509 A.2d 369 (1986). Attorneys and executors seeking compensation from an estate have the burden of establishing facts which show the reasonableness of their fees and entitlement to the compensation claimed. *In re Estate of Sonovick,* 373 Pa.Super. 396, 400, 541 A.2d 374, 376 (1988).

The determination of the reasonableness of a fiduciary's compensation is left to the sound discretion of the Orphans' Court. *Sonovick,* at 399, 541 A.2d at 376. Absent an agreement between the parties, the court is empowered to determine the value of the fiduciary services and award reasonable compensation. *Id.* The court also has the authority to reduce to a "reasonable and just" level those fees and commissions claimed by the fiduciary and their counsel. *Id.* Thus, when reviewing the judgment of the Orphans' Court regarding the allowance or disallowance of attorneys' and executor's fees, absent a clear error or an abuse of discretion, we will not interfere with the Orphans' Court determination.

*Estate of Getz,* 421 Pa.Super. 513, 618 A.2d 456, 462 (1992); *Sonovick,* 373 Pa.Super. at 399–400, 541 A.2d at 376. Our task is to assure that the record is free from legal error and to determine if the chancellor's findings are supported by competent and adequate evidence, and are not predicated upon capricious disbelief of competent and credible evidence. *Getz,* at 520, 618 A.2d at 459. With these standards in mind, we turn to Roeder's first two claims.

■ In his first two claims, Roeder argues that the Orphans' Court reduction of executor's fees in the estates of John N. Rees and Sarah Henne Rees and the attorneys' fees in Mr. Rees' estate was founded on unsupported findings of fact and errors of law. Roeder contends that the court ignored competent, credible and unrebutted evidence indicating the executor's and attorneys' fees were appropriate, reasonable and just. Brief for appellant at 22. We disagree.

We have carefully reviewed the Orphans' Court Opinion and Order of April 21, 1992, along with the record in this case. The court found that the executor's and attorneys' fees charged in this matter were unreasonable, considering the services rendered were purely routine. The court also found that the evidence presented did not support the executor's and attorneys' fees claimed in this case. We are satisfied that the distinguished Senior Judge, P. Richard Thomas, has adequately and competently addressed and disposed of the first two issues brought forth in this appeal. We find Judge Thomas' statements of the relevant law are correct and his application of the law is fully supported by the facts established in the record. We affirm on the basis of the Orphans' Court Opinion. Opinion and Order, P. Richard Thomas, S.J., dated April 21, 1992, at 1–48.

■ Third, Roeder contends that the Orphans' Court erred when it directed its order for the repayment of attorneys' fees solely against him, as executor of Mr. Rees' estate. Roeder asserts that, if a refund is proper, Barbara Smith, his former partner, is also obligated to reimburse the Foundation. Brief for Appellant at 75. We cannot agree.

Roeder has not directed us to, nor does our research reveal, authority which informs us that an executor and fiduciary is not ultimately responsible for improper payments by an estate. It was through Roeder's authority, as executor, that the estate's assets were committed to pay attorneys' fees. Thus, Roeder may properly seek contributions from Ms. Smith but his responsibility for losses suffered by Mr. Rees' estate are not relieved because Ms. Smith's performed legal services for the estate. Accordingly, we find that the Orphans' Court Order directing Roeder alone to reimburse the Foundation is entirely proper.

The last issue raised by Roeder concerns an oversight in the court's calculations of the specific amounts that Roeder is required to reimburse the Foundation. Specifically, Roeder asserts that the court included in its order of reimbursement $36,416.16 in executor's fees and $26,949.24 in attorneys' fees, plus interest on those amounts, that represented balances due by the estate but which Roeder never actually paid out. Brief for Appellant at 75–76; Opinion and Order, P. Richard Thomas, S.J., dated April 21, 1992, at 49–50. We agree with Roeder on this point.

First, our review of the record supports Roeder's contention that the amounts stated above were never disbursed by Roeder as executor of Mr. Rees' estate. First and Final Account of Richard W. Roeder, Executor, filed December 31, 1990, at 5 c. Second, we note that the Commonwealth has no objection to omitting these figures from the amount of executor's and attorneys' fees for which Roeder is required to reimburse the Foundation. Brief for Appellee at 13.

Judge Thomas, in his disposition, set forth the following formula for determining the fees to be refunded in this case:

Having established appropriate fees in these two estates, we believe that interest should be added to the excess fees received. This presents problems. The final accounts in both estates show periodic partial payments in various amounts made towards executor and attorney fees spread

over many months. We then have the problem of whether to consider [if] the "overpayments" were the first amounts received or the last amounts received. If we are to award interest, we must determine an appropriate rate of interest to be applied to overpayments. The high interest rates on savings accounts, certificates of deposit, money market funds, and mutual funds existing in the late 1980's have substantially declined in the early 1990's. We solve the problem as follows:

We will consider the "overpayments" were the last payments made.

We will compute interest on each overpayment from the date made to April 1, 1992.

We will apply interest at a conservative four and one-half percent rate.

Opinion and Order, P. Richard Thomas, S.J., dated April 21, 1992, at 47. We find no abuse of discretion in Judge Thomas' approach and adopt it in this appeal.

Accordingly, we vacate the Orphans' Court Order as to the amount of $36,416.16 plus $413.08 in interest for undisbursed executor's fees and $26,949.24 plus $305.44 in interest for undisbursed attorneys' fees. We affirm the Orphans' Court Order directing reimbursement of executor's and attorneys' fees pursuant to the formula devised by the court in its opinion as set forth above.

Order vacated in part and affirmed in part. Case remanded for entry of a final order consistent with this opinion.