J-A29038-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: JAMES M. LONG, AN ALLEGED INCAPACITATED PERSON | : : : : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: CAROL LORENZ, PH.D. | : | No. 491 WDA 2016 |

Appeal from the Order March 8, 2016
in the Court of Common Pleas of Allegheny County,
Orphans' Court Division, No(s): 7272 of 2014

BEFORE: DUBOW, MOULTON and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:          **FILED FEBRUARY 14, 2017**

Carol Lorenz, Ph.D. ("Lorenz"), appeals from the Order dismissing her Exceptions and approving the payment of fees and costs to Lazarus Support Services, LLC ("Lazarus Support Services"), in the amount of $11,503.75, and to Arnold H. Caplan, Esquire ("Caplan"), in the amount of $4,282.10. We affirm.

James M. Long ("Long") (d/o/b 8/4/30) and Lorenz were married in June 2001. Long had two children, Debra Petitt ("Petitt") and Marshall Long, prior to his marriage to Lorenz. On February 8, 2011, Long suffered a stroke, which diminished his cognitive skills and caused his right arm to be paralyzed. As a result of the stroke, Long required 24-hour care and assistance with daily living. Subsequent to the stroke, Petitt and Lorenz

maintained a hostile relationship based upon, *inter alia*, who had power of attorney over Long and Long's care.[1]

On August 4, 2015, Petitt filed a Petition seeking, *inter alia*, the appointment of Rhonda Lazarus ("Lazarus"), the owner of Lazarus Support Services, as temporary guardian for Long. On August 13, 2015, the Orphans' Court appointed Lazarus as "the temporary, limited guardian" for Long, and directed Lazarus to obtain skilled nursing care and supervision for Long.[2] The Orphans' Court also ordered Lazarus to be paid directly from Long's assets "at a rate not to exceed $125 per hour plus travel expenses, subject to review by the Guardianship Department." Order, 8/13/15. The relationship between Lazarus and Lorenz was acrimonious, as evidenced by lawsuit threats, lengthy depositions, and requests for documents. As a result, Lazarus retained Caplan's services.

In November 2015, the Orphans' Court held a hearing to determine, *inter alia*, whether a permanent guardian for Long was required. On November 17, 2015, the Orphans' Court determined that Long was incapacitated and appointed Santoriella as the limited guardian of Long. Based upon the appointment of Santoriella as guardian, Lorenz's

---

[1] In 2009, Long executed a Power of Attorney ("2009 Power of Attorney") naming Lorenz as his agent. Under the 2009 Power of Attorney, Lorenz, *inter alia*, managed Long's financial affairs.

[2] Previously, on February 25, 2015, the Orphans' Court had appointed Rachael Santoriella, Esquire ("Santoriella"), as Long's guardian *ad litem*.

appointment as temporary guardian concluded. Long subsequently died on December 17, 2015.

On December 7, 2015, Lazarus Support Services filed a Petition seeking fees and expenses incurred for Long's care totaling $11,305.75. On December 8, 2015, Caplan filed a Petition seeking counsel fees in the amount of $4,282.10. Lorenz filed a Response in Opposition to each Petition. On February 2, 2016, following the review and recommendation of the Guardianship Department,[3] the Orphans' Court granted the Petitions and ordered that the payments must be made from Long's funds, whether in his name or held jointly with Lorenz, or from funds transferred to Lorenz. Lorenz filed Exceptions to the Orders granting the Petitions. The Orphans' Court dismissed the Exceptions, and approved the payments to Lazarus Support Services and Caplan. Lorenz filed a timely Notice of Appeal and a court-ordered Pennsylvania Rule of Appellate Procedure 1925(b) Concise Statement.

On appeal, Lorenz raises the following questions for our review:

---

[3] In Allegheny County, the Guardianship Department in the Orphans' Court "handles all cases involving the appointment of guardians for minors and incapacitated individuals. Court investigators review guardianship petitions before presenting them to the judges for hearing dates; review petitions for allowance when there is a request to pay legal or guardianship fees or when invading the principal of the incapacitated person's estate." Fifth Judicial District of Pennsylvania, County of Allegheny, http://www.alleghenycourts.us/orphans/guardianship.aspx (last visited Jan. 12, 2017).

1. Whether the [Orphans' Court] erred in approving and ordering that the estate of [] Long pay costs and fees to Lazarus Support Services [] and [Caplan]?

    a.  Whether [] Lazarus'[s] fees are supported or supportable by competent evidence?

    b.  Whether [] Caplan's fees are supported or supportable by competent evidence?

2. Whether the [Orphans' Court] erred in ordering that costs and fees of Lazarus Support Services [] and [Caplan] be paid in part out of the personal accounts of [Lorenz], thereby ignoring, negating and/or overriding the 2009 Power of Attorney which names [Lorenz] as [] Long's Power of Attorney?

3. Whether the [Orphans' Court] erred by failing to apply the American Rule in determining which party should pay attorney's fees[?]

Brief for Appellant at 5.

> Our standard of review of an [O]rphans' [C]ourt's decision is deferential. When reviewing an [O]rphans' Court decree, this Court must determine whether the record is free from legal error and whether the [O]rphans' [C]ourt's findings are supported by the record. Because the [O]rphans' [C]ourt sits as the finder of fact, it determines the credibility of the witnesses and, on review, this Court will not reverse its credibility determinations absent an abuse of discretion. However, this Court is not bound to give the same deference to the [O]rphans' [C]ourt conclusions of law. Where the rules of law on which the [O]rphans' [C]ourt relied are palpably wrong or clearly inapplicable, we will reverse the court's decree. Moreover, we point out that an abuse of discretion is not merely an error of judgment. However, if in reaching a conclusion, the court overrides or misapplies the law, or the judgment exercised is shown by the record to be manifestly unreasonable or the product of partiality, prejudice, bias, or ill will, discretion has been abused.

*In re Estate of Zeevering*, 78 A.3d 1106, 1108 (Pa. Super. 2013) (citations and quotation marks omitted).

- 4 -

In her first claim, Lorenz contends that the Orphans' Court erred in approving the payment of fees to Lazarus Support Services and Caplan without holding an evidentiary hearing. Brief for Appellant at 32. Lorenz argues that the record did not support the fees requested by Lazarus Support Services. *Id*. at 34-35, 37, 38. Lorenz claims that the submission of invoices for work performed for Long was insufficient to sustain the claim for payment of the fees. *Id*. at 38-39. Lorenz further asserts that the Orphans' Court's findings that (1) Long's estate should pay the fees of Lazarus Support Services because Lazarus's services furthered Long's interests; (2) Lorenz threatened to sue Lazarus; and (3) Lazarus was subjected lengthy depositions were not supported by the evidence of record. *Id*. at 36-37. Lorenz also claims that contrary to the Orphans' Court's finding, Petitt was responsible for the extensive deposition and discovery in this case. *Id*. at 37-38.

"The allocation of the fees of the guardian …, including the amount thereof and the source of payment, is a matter largely within the discretion of the Orphans' Court, and unless there is a clear abuse of that discretion, the determination will not be disturbed on appeal." *In re Trust Estate of Pleet*, 410 A.2d 1224, 1232 (Pa. 1980). When reviewing the award of fees to determine whether they are reasonable, courts should consider, *inter alia*, the amount of work performed, the problems involved, and the services rendered, whether routine or complicated. *See generally In re LaRocca's*

*Trust Estate*, 246 A.2d 337, 339 (Pa. 1968); *In re Thompson's Estate*, 232 A.2d 625, 629 (Pa. 1967) (stating that "when it comes to the question of the appropriate compensation to be paid to appellant-trustee, we must not lose sight of the fact that he is to be paid only in an amount commensurate with the services which he performed in connection with the administration of the trust.").

In its Order appointing Lazarus as temporary guardian, the Orphans' Court stated the following:

> [A]fter review of the Petition filed and a conference with attorneys and parties present, an Emergency Temporary Limited Guardian of the Person and Estate is appointed …. Due to safety concerns, starting immediately, [] Lazarus, of Lazarus Support Services[,] is hereby appointed to serve as the temporary, limited guardian for [] Long and to obtain skilled nursing care and supervision of [] Long, as discussed with the attorneys in the conference.
>
> [] Lazarus shall be paid directly from [] Long's estate, at a rate not to exceed $125 per hour plus travel expenses, subject to review by Guardianship Department.

Order, 8/13/15.

Subsequently, the Orphans' Court entered an Order granting the Petition filed by Lazarus Support Services for payment of fees, which stated the following:

> [U]pon consideration of the foregoing Petition for Allowance for Authorization of Fees and Costs to Temporary Guardian, and upon review and recommendation of the Guardianship Department, IT IS HEREBY ORDERED AND DECREED that fees and costs to Lazarus Support Services [], appointed as Temporary Guardian per Order dated August 13, 2015, in the amount of $11,503.75 … for services through

November 13, 2015, and costs incurred, on behalf of [] Long, an incapacitated person, are approved. Payment shall be made from the funds of [] Long, whether such funds are held in the sole name of [] Long or jointly with another party including his wife, [] Lorenz, or from funds of [] Long transferred from his name to another party's name including his wife, [] Lorenz[,] to be paid by the Permanent Guardian of the Estate and/or by [] Lorenz upon the presentation of this Order….

Order, 2/2/16.

Here, Lazarus Support Services attached to its Petition seeking fees for Lazarus's services, an itemized statement of the services performed and the time needed to complete each service. *See, e.g.,* Orphans' Court Opinion, 6/1/16, at 2 (stating that "Lazarus monitored [Long's] well-being, arranged for needed hospitalizations, arranged placements in nursing homes, made medical decisions, and monitored and organized his financial information."). The Guardianship Department reviewed these charges and found them to be reasonable. We conclude that the Orphans' Court's acceptance of the review and recommendation of the Guardianship Department did not constitute an abuse of discretion. *See id*. (noting that the fees awarded were for services that furthered the best interests of Long, as required under 20 Pa.C.S.A. § 5521); *see also In re Trust Estate of Pleet*, 410 A.2d at 1232.[4]

Lorenz also contends that the record did not support the trial court's award of Caplan's fees. Brief for Appellant at 39; *see also id*. at 36, 37.

---

[4] Lorenz also argues that the Orphans' Court erred in appointing Lazarus as Long's guardian. Brief for Appellant at 35. However, Lorenz did not raise this claim in her Rule 1925(b) Concise Statement; thus, the claim is waived. *See Hess v. Fox Rothschild, LLP*, 925 A.2d 798, 803 (Pa. Super. 2007).

Lorenz argues that the trial court did not hold a hearing on Caplan's fees, and only based its award on Caplan's invoices. *Id*. at 39. Lorenz further asserts that Lazarus retained Caplan based upon her own conduct and the conduct of Petitt, not Lorenz's conduct; therefore, Long's estate should not have to pay the fees. *Id*.[5]

When reviewing an Orphans' Court's allowance of attorney fees from an estate, this Court will not interfere with the court's decision absent a clear abuse of discretion. *In re Estate of Rees*, 625 A.2d 1203, 1206 (Pa. Super. 1993). An attorney who seeks compensation for services from an estate bears "the burden of establishing facts which show that he or she is entitled to such compensation." *In re Estate of Sonovick*, 541 A.2d 374, 376 (Pa. Super. 1988). The attorney must present evidence that the fees charged to the estate are reasonable. *Id*.; *see also In re Davidson's Estate*, 150 A. 152, 152 (Pa. 1930) (stating that any charges against an estate of an incapacitated person must be "manifestly just and moderate.") (citation omitted).

Here, the Orphans' Court's Order, which granted Caplan's Petition for payment of fees, stated the following:

---

[5] Lorenz also baldly argues that Lazarus did not seek court approval before retaining Caplan. Brief for Appellant at 36. However, Lorenz does not cite to any case law demonstrating that this action constituted reversible error. *See* Pa.R.A.P. 2119(a) (stating that the argument section must include "such discussion and citation of authorities as are deemed pertinent."). Thus, this argument is waived on appeal. *See Lackner v. Glosser*, 892 A.2d 21, 29 (Pa. Super. 2006) (stating that failure to cite pertinent authority results in waiver).

[U]pon consideration of the foregoing Petition For Approval of Counsel Fees and Costs to Attorney for Temporary Guardian, and upon review and recommendation of the Guardianship Department, IT IS HEREBY ORDERED AND DECREED that fees and costs to [Caplan] in the amount of $4,282.10 … for services through November 27, 2015, and costs incurred, for representation of the Temporary Guardian of [] Long, an incapacitated person, are approved. Payments shall be made from the funds of [] Long, whether such funds are held in the sole name of [] Long or jointly with another party including his wife, [] Lorenz, or from funds of [] Long transferred from his name to another party's name including his wife, [] Lorenz[,] to be paid by the Permanent Guardian of the Estate and/or by [] Lorenz upon the presentation of this Order….

Order, 2/2/16.

With regard to Caplan's request for fees from Long's estate, the Orphans' Court stated that it was

aware of the allegations that Lazarus was threatened with physical harm, lawsuits, and harm to her business and reputation. Lazarus needed Caplan's services due to the lawsuit threats, lengthy depositions, and requests for production of documents. The [Orphans'] Court will note that Lorenz and her attorney greatly contributed to the fees and costs incurred in this case. But for Lorenz and her counsel's actions, much of the time billed by Lazarus and Caplan would not have been necessary.

Orphans' Court Opinion, 6/1/16, at 2.

While Lorenz argued that Petitt's and Lazarus's actions necessitated Caplan's services, a review of the certified record reveals that "[t]his case involved highly contentious proceedings," wherein both parties made numerous filings. *See* Orphans' Court Opinion, 6/1/16, at 2. However, the Orphans' Court observed firsthand the actions of Lorenz and her attorney throughout the proceedings, and found that these specific actions caused

Lazarus to retain Caplan as counsel. **See id**. Furthermore, the Guardianship Department reviewed Caplan's request for fees and found them to be reasonable. **See** Order, 2/2/16. Thus, because the Orphans' Court had firsthand observations of the conduct of Lorenz and her attorney, and the Guardianship Department reviewed and accepted Caplan's fees, we conclude that the Orphans' Court did not abuse its discretion. **See ACE Am. Ins. Co. v. Underwriters at Lloyds & Cos.**, 939 A.2d 935, 946 (Pa. Super. 2007) (stating that the trial court acted within its discretionary authority in deciding a motion for sanctions without conducting an evidentiary hearing, since the court observed counsel's actions firsthand); **see also Gilmore by Gilmore v. Dondero**, 582 A.2d 1106, 1108 (Pa. Super. 1990) (noting that "the trial court that has the best opportunity to judge the attorney's skills, the effort that was required and actually put forth in the matter at hand, and the value of that effort at the time and place involved.") (citation omitted); **In re Estate of Sonovick**, 541 A.2d at 376.

Finally, with regard to Lorenz's claim that the fees should not be paid from Long's estate or any joint funds, the Orphans' Court stated that it "structured its Order in this fashion because the Court knew that Lorenz transferred or restricted accounts belonging to Long. Because of the actions Lorenz made regarding Long's accounts, the payment of the fees from accounts in Lorenz's name is justified." Orphans' Court Opinion, 6/1/16, at 2. Here, under the 2009 Power of Attorney, Lorenz acted as Long's agent,

and managed Long's financial affairs. The Orphans' Court did not find that Lorenz mismanaged Long's finances or that she committed any wrongdoing. The Orphans' Court merely acknowledged that Lorenz's management of the Long's finances caused some of their assets to be comingled. Thus, the Orphans' Court did not abuse its discretion in directing from where the fees in question were to be paid. Based upon the foregoing, Lorenz's first claim is without merit.

In her second claim, Lorenz contends that the Orphans' Court erred in ordering her to pay the fees to Lazarus Support Services and Caplan out of her personal accounts. Brief for Appellant at 40. Lorenz argues that this action by the Orphans' Court overrode the 2009 Power of Attorney. *Id*. at 40, 48. Lorenz asserts that the trial court had no basis for the Order other than its animosity toward Lorenz. *Id*. at 40; *see also id*. at 48 (wherein Lorenz maintains that the Orphans' Court improperly relied on *ex parte* communications to reach its conclusion). Lorenz claims that Long properly executed the 2009 Power of Attorney, and that Lorenz managed Long's physical and financial affairs in accordance with the 2009 Power of Attorney. *Id*. at 43-44; *see also id*. at 45 (wherein Lorenz points out that the Orphans' Court found that all parties had the best interests of Long at heart). Lorenz further argues that she acted in good faith with regard to Long's finances, and that she was permitted to use Long's funds to protect his interests. *Id*. at 46, 47. Lorenz also claims that section 5601.3(b) of

the Probate, Estates, and Fiduciaries Code does not require that the separation of funds of an agent and principal. *Id*. at 47.

Here, as noted above, the Orphans' Court Orders do not indicate any wrongdoing by Lorenz in her role as Long's agent. There has been no finding that Lorenz improperly administered Long's funds or estate. Further, the Orders do not overturn the 2009 Power of Attorney or require an accounting of Lorenz's actions. The Orphans' Court's Orders simply acknowledge that Lorenz had power of attorney over Long, and had commingled her personal funds with Long's funds. The Orphans' Court's Orders were based, not on any alleged wrongdoing, but on an effort to ensure payment. *See* Orphans' Court Opinion, 6/1/16, at 2. Thus, Lorenz is not entitled to relief on her second claim.

In her final claim, Lorenz contends that the Orphans' Court failed to apply the correct legal standard in determining that Caplan is entitled to legal fees. Brief for Appellant at 49. Lorenz argues that generally, each party pays their own counsel fees, and that such fees are only recoverable under express statutory authorization. *Id*. Lorenz asserts that there was no statutory authorization for Caplan to receive fees from Long's estate. *Id*.

"The general rule within this Commonwealth is that each side is responsible for the payment of its own costs and counsel fees absent bad faith or vexatious conduct." *McMullen v. Kutz*, 985 A.2d 769, 775 (Pa. 2009) (citation omitted); *see also* 42 Pa.C.S.A. § 2503(9) (stating that

"[t]he following participants shall be entitled to a reasonable counsel fee as part of the taxable costs of the matter ... (9) [a]ny participant who is awarded counsel fees because the conduct of another party in commencing the matter or otherwise was arbitrary, vexatious or in bad faith."); *In re Barnes Found.*, 74 A.3d 129, 136 (Pa. Super. 2013) (stating that an action is vexatious if brought without legal or factual grounds, or its sole purpose is to cause annoyance). "This so-called 'American Rule' holds true unless there is express statutory authorization, a clear agreement of the parties or some other established exception." *McMullen*, 985 A.2d at 775 (citation and quotation marks omitted).

Here, while Lorenz argues that there is no statutory authority to support Caplan's claim for counsel fees, she does not raise any claim with regard to an award of counsel fees for vexatious conduct. As noted above, the Orphans' Court specifically found that but for the actions of Lorenz and her counsel, including threatening Lazarus with physical harm, lawsuits and harm to her business, Caplan's representation and the subsequent fees would have been unnecessary. *See* Orphans' Court Opinion, 6/1/16, at 2; *see also ACE Am. Ins. Co.*, 939 A.2d at 946. Further, the Guardianship Department approved the fees, which furthered the best interests of Long. *See* Order, 2/2/16; *see also* Orphans' Court Opinion, 6/1/16, at 2. Thus, under the facts of this case, the Orphans' Court did not abuse its discretion

in awarding fees to Caplan. **See** **McMullen**, 985 A.2d at 775. Accordingly, Lorenz's final claim is without merit.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/14/2017