J-S46018-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| IN RE:  ESTATE OF MARITA A. MADSEN, DECEASED | : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF:  CHRISTIAN MADSEN | : : : : : : : | |
| | : | No. 348 WDA 2025 |

Appeal from the Decree Entered February 26, 2025
In the Court of Common Pleas of Allegheny County Orphans' Court at
No(s):  4572 of 2018

BEFORE:  BOWES, J., NICHOLS, J., and KING, J.

MEMORANDUM BY NICHOLS, J.:                    **FILED: May 13, 2026**

Appellant Christian Madsen appeals *pro se*[1] from the order reducing his commission for services performed as the administrator for the estate of his mother, Marita Madsen.  We affirm.

Briefly, on July 20, 2018, letters of administration were granted to Appellant for his mother's estate.  **See** Trial Ct. Op., 5/27/25, at 2.  During Appellant's service as administrator, Appellant engaged a lawyer to pursue a wrongful death claim on behalf of the estate, negotiated the lawyer's contingent fee, and contended that he participated in the negotiation of the final amount to settle the claim.  **See id.** at 6.  The estate's primary assets were the proceeds of the wrongful death claim settlement.  **See id.** 2.

---

[1] At the time of the filing of notice of appeal in this matter Appellant was represented by Gregory M. Pocrass, Esq.  On July 8, 2025, we granted Attorney Pocrass' petition to withdraw.  **See** Order, 7/8/25.

Appellant also engaged lawyers to prepare the estate's inheritance tax return, accounts, and other estate filings. *See id.* at 6. Upon the petition of Niels Madsen, Appellant's brother, the orphans' court removed Appellant as administrator before the completion and distribution of the assets of the estate, however, thereby requiring the appointment of a new administrator. *See id.* at 3. On November 22, 2023, over five years after Appellant became administrator, the orphans' court both removed Appellant as administrator and appointed Roy Madsen, Appellant's uncle, as administrator *de bonis non* (d.b.n.) to complete the distribution of assets from the estate. *See id.*

For his estate administration services, Appellant had proposed a commission of $167,500. *See id.* On September 13, 2024, the orphans' court found Appellant's proposed commission to be "unreasonable under the circumstances" and reduced the commission by $144,500 to $23,000. *Id.*[2] On February 26, 2025, the orphans' court accepted the final account of the estate filed by Roy Madsen, administrator d.b.n., and finalized the reduction of Appellant's commission by the amount of $144,500. *See id.* at 4.

Appellant filed a timely notice of appeal and a court-ordered Pa.R.A.P. 1925(b) statement. The orphans' court issued a Rule 1925(a) opinion addressing Appellant's claims.

_____

[2] On October 7, 2024, Appellant filed a notice of appeal from the September 13, 2024 order. *See, generally*, Docket No. 1223 WDA 2024. On November 15, 2024, this Court discontinued the prior appeal upon Appellant's praecipe. *See*, Docket No. 1223 WDA 2024, Appellant's Praecipe, 11/15/24, and Notice of Discontinuance, 11/15/24.

On appeal, Appellant raises multiple issues, which we have reordered as follows:

1. Whether the [orphans'] court erred in accepting the objector's challenge without legally sufficient proof, where the objector presented no expert, no time analysis, and no market comparators beyond [*In re Estate of Johnson*, 4 Fiduc. 2d 6 (Montgomery Cty. O.C. 1983)].[3]

2. Whether the [orphans'] court erred in failing to award reimbursement for Appellant's personally incurred legal fees where removal was wrongful and the hearing was not fair.

3. Whether the [orphans'] court erred in appointing Roy Madsen as successor administrator in violation of 20 Pa.C.S. §§ 3155 and 3157, and in permitting him to object to Appellant's commission and present testimony despite lacking lawful standing.

4. Whether the [orphans'] court abused its discretion and violated due process by restricting Appellant's ability — during remote testimony impaired by documented medical issues — to fully explain wrongful-death litigation, contingency-fee negotiations, settlement increase, and insolvency prevention.

5. Whether the orphans' court erred by treating this wrongful-death/survival estate as a "normal estate" and applying the non-binding 1983 *In re Johnson Estate* schedule (Montgomery Cty. O.C.) without inflation adjustment or extraordinary-services consideration, contrary to 20 Pa.C.S. § 3537 and controlling precedent.

6. Whether the [orphans'] court failed to apply [20 Pa.C.S.] § 3537's "actual worth to the estate" test where Appellant — after returning from Germany to administer the estate and facing lack of cooperation from his only sibling — rejected a $1.05 million offer in favor of a $1.45 million settlement and negotiated a contingency-fee reduction from approximately 40% to 16.896552%, yielding $575,000 in combined post-fee

---

[3] The complete **Johnson** citation we have inserted herein appears in the table of authorities in Appellant's brief. **See** Appellant's Brief at 3.

net benefit to the family, of which $230,000 directly benefitted the estate, thereby preventing its insolvency.

7. Whether the [orphans'] court erred in failing to address the Pennsylvania Department of Revenue's acceptance of the full $167,500 commission deduction on the inheritance tax return admitted into evidence.

8. Whether the [orphans'] court erred by failing to award reasonable compensation for all services rendered before Appellant's removal as administrator, as mandated by [20 Pa.C.S.] § 3537.

Appellant's Brief at 4 (some formatting altered).

Before reviewing Appellant's claims, we must address whether Appellant has preserved these issues for review. *See Wirth v. Commonwealth*, 95 A.3d 822, 837 (Pa. 2014) (holding that appellate courts may *sua sponte* find waiver for failure to adhere to Pa.R.A.P. 2119(a)).

It is well settled that "[i]ssues not raised in the trial court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a); *see also* Pa.R.A.P. 1925(b)(4)(vii) (explaining that issues that are not included in a Rule 1925(b) statement are waived); *Lineberger v. Wyeth*, 894 A.2d 141, 148 (Pa. Super. 2006) (stating that "[a]n appellant's failure to include an issue in his Rule 1925(b) statement waives that issue for purposes of appellate review" (citation omitted)).

Further, an appellant waives his claims on appeal where he fails "to develop cognizable arguments with discussion and citation to relevant authority or where in the record the matter appears." *Saber v. Navy Fed. Credit Union*, 350 A.3d 965, 970 (Pa. Super. 2026) (citations omitted).

"Where an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived." *In re M.Z.T.M.W.*, 163 A.3d 462, 465-66 (Pa. Super. 2017) (citation omitted and formatting altered); *see also Lackner v. Glosser*, 892 A.2d 21, 29-30 (Pa. Super. 2006) (holding that "arguments which are not appropriately developed are waived" (citation omitted)); Pa.R.A.P. 2119(a), (c) (providing that the argument section of an appellate brief shall contain discussion of the issues raised therein and citations to pertinent legal authorities and references to the record).

"This Court will not act as counsel and will not develop arguments on behalf of an appellant." *U.S. Bank, N.A. v. Pautenis*, 118 A.3d 386, 394 (Pa. Super. 2015) (citations omitted). Further, this Court has repeatedly stated that *pro se* status does not relieve an appellant of his or her duty to comply with our Rules of Appellate Procedure. *See Jiricko v. Geico Ins. Co.*, 947 A.2d 206, 213 n.11 (Pa. Super. 2008). "Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant." *In re Ullman*, 995 A.2d 1207, 1211-12 (Pa. Super. 2010) (citations omitted), *overruled on other grounds by In re Ajaj*, 288 A.3d 94, 109 (Pa. 2023).

Here, Appellant's first four claims on appeal relate to whether the orphans' court erred by accepting the objector's challenge, failing to award reimbursement for Appellant's legal fees, appointing Roy Madsen as successor

administrator, and restricting Appellant's ability at a hearing to explain the basis of his proposed commission amount. *See* Appellant's Brief at 4.

However, in his Rule 1925(b) statement, Appellant claimed that the orphans' court erred by (1) entering an order which reduced Appellant's executor commission by $ 144,500; (2) holding that the $167,500 commission amount was unreasonable; (3) reducing the commission to $23,000; and (4) failing to consider numerous factors, such as the Pennsylvania Department of Revenue's acceptance of the $167,500 commission amount proposed by Appellant. *See* Rule 1925(b) Statement, 4/4/25, at 1-2.

On this record, we are unable to ascertain a connection between the first four claims that Appellant raises in his brief, and the issues he preserved in his Rule 1925(b) statement. Therefore, we conclude that Appellant has waived his first four claims on appeal because he failed to identify them in his Rule 1925(b) statement. *See* Pa.R.A.P. 1925(b)(4)(v); *Lineberger*, 894 A.2d at 148.

With respect to his remaining claims on appeal, Appellant has failed to adequately develop any cognizable arguments in his appellate brief. Further, he has provided inaccurate citation to authority and failed to adequately discuss any controlling authority.[4] As Appellant has failed to develop his

---

[4] We note that the table of authorities in Appellant's brief includes an entry for "*In re Estate of Johnson*, 4 Fiduc. 2d 6 (Montgomery Cty. O.C. 1983)." *Id.* at 3. After conducting a search, we have found no such authority with the citation provided by Appellant. However, the brief for Appellee Roy C. Madsen
*(Footnote Continued Next Page)*

arguments or identify pertinent legal authorities, we are unable to conduct meaningful appellate review. *See* Pa.R.A.P. 2119(a), (c); *see also Saber*, 350 A.3d at 970, 970 n.4; *M.Z.T.M.W.*, 163 A.3d at 465-66; *Lackner*, 892 A.2d at 29-30.

To undertake review of Appellant's issues would require us to scour the record and craft an argument on his behalf, which we will not do. *See* Pa.R.A.P. 2119(a), (c), (d); *see also Pautenis*, 118 A.3d at 394; *Jiricko*, 947 A.2d at 213 n.11. While Appellant is proceeding *pro se*, he is still subject to the rules of appellate procedure. *See Commonwealth v. Ray*, 134 A.3d 1109, 1114-15 (Pa. Super. 2016) (holding that "[a] *pro se* litigant must still comply with the Pennsylvania Rules of Appellate Procedure" (citation omitted)); *see also Jones v. Rudenstein*, 585 A.2d 520, 522 (Pa. Super. 1991) (holding that the *pro se* appellant in a civil matter was responsible to "comply with procedural rules" and "procedural requirements" before the

_____

cites to "*Johnson*[*'s*] *Estate*, 4 Fid. Rep.2d. 6 (O.C. Del. Co. 1983)," a decision by the Delaware County orphans' court. Appellee's Brief at 6-7. We also note that the standard of review section of Appellant's brief cites *In re Estate of Sonovick*, 541 A.2d 374 (Pa. Super. 1988) for the proposition that "[t]he objector bears the burden of proof on objections to commissions." Appellant's Brief at 7. *Sonovick*, however, conversely states that the party "seeking compensation from the estate has the burden of proof." *Sonovick*, 541 A.2d at 400 (citation omitted).

We note that "[l]itigants must cite to authority that is 'pertinent' to the issues on appeal." *Saber*, 350 A.3d at 970 n.4 (citation omitted). Here, Appellant has misstated authority in his reference to *Sonovick*, in addition to inaccurately citing the *Johnson* authority. Accordingly, Appellant has failed to adhere to Pa.R.A.P. 2119(a).

appellate court was required to "reach the merits of his claim").  Therefore, Appellant's remaining issues are also waived.  ***See Wirth***, 95 A.3d at 837. For these reasons, we affirm.

Order affirmed.  Jurisdiction relinquished.


Judge King joins the memorandum.

Judge Bowes concurs in the result.


Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

5/13/2026