J-S19018-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: MARGARET A. MCKEAN, AN INCAPACITATED PERSON | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: GREGORY L. MCKEAN | : : : : : : : : | |
| | : | No. 133 WDA 2021 |

Appeal from the Order Dated December 30, 2020
In the Court of Common Pleas of Mercer County
Orphans' Court at No:  2020-70

BEFORE:   DUBOW, J., MURRAY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY MURRAY, J.:                    **FILED: AUGUST 30, 2021**

Gregory L. McKean (Appellant) appeals from the order granting the motion of his brother, Kirke McKean (Kirke), and ordering the Estate of Margaret A. McKean (Estate) to reimburse Kirke for legal fees, expert witness fees, and costs incurred in the underlying guardianship proceedings.   We affirm.

This Court recently affirmed the orphans' court's appointment of Kirke as guardian of the Estate.  We stated:

> This matter was commenced by the filing of a petition to appoint a plenary guardian for an incapacitated person [filed] by [Kirke] on January 24, 2020. On January 27, 2020, the court entered an order scheduling a hearing and appointing counsel for the alleged incapacitated person, [Margaret A. McKean (Mother), who is the mother of four sons, including Kirke and Appellant]. … On February 11, 2020, the hearing was continued and rescheduled for April 1, 2020. In the interim, on March 2, 2020, [Appellant]

---

[*] Retired Senior Judge assigned to the Superior Court.

filed a response to [Kirke]'s petition. The Covid-19 virus made it impossible to hold an in-person hearing on April 1st, but the court conferred with counsel over the phone and entered an order on April 2, 2020. The court ordered that Kirke and [Appellant] serve as temporary emergency co-guardians of the estate, and the hearing was continued and rescheduled for May 7, 2020. On that date, the first day of the three-day hearing took place, after which the court extended the temporary emergency co-guardianship of the estate until June 19, 2020 with the consent of the parties. The court also ordered the co-guardians to provide the court with accountings, which each of them subsequently did. The hearing continued June 17, 2020 and concluded on June 18, 2020.

*In re McKean*, 649 WDA 2020 at *1 (Pa. Super. Aug. 12, 2021) (unpublished memorandum) (citing Orphans' Court Opinion, 8/25/20, at 1-2).

On June 22, 2020, the orphans' court issued factual findings that: 1) Mother had a "complex estate, which includes at least 1.31 million dollars in investments, livestock cattle, a trust, a limited partnership, and a general partnership"; 2) Mother was deemed to be incompetent; and 3) the date of incompetency was March 2017. Order, 6/22/20. That same day, the court entered a separate order naming Kirke guardian of the Estate and Appellant guardian of Mother's person.[1]

_____

[1] The orphans' court referenced Kirke's "success in business, his willingness to waive or forego rights or entitlements to avoid fiduciary conflicts, and his distance from Mother's business dealings," compared with Appellant's "involvement with, or potential conflicts of interest arising from questionable transfers from Mother to him or his family" which "raised questions as to Appellant's ability to safeguard Mother's assets and estate and make it unreasonable to expect him to pursue legal means of restoring the transferred property to his Mother as may be appropriate. Alan McKean, who testified on behalf of his brother[, Kirke], and Guy McKean, who spoke briefly on the last day of the hearing, both wished for [Kirke] to be appointed guardian of the
*(Footnote Continued Next Page)*

Appellant appealed from the order appointing Kirke as guardian of the Estate. While the appeal was pending, the two brothers continued to disagree, as evidenced by the orphans' court docket showing numerous motions, filings and responses, some of which the orphans' court addressed because "the parties agreed that those motions were all ancillary to the [guardianship] appeal and/or that [the orphans'] court retained jurisdiction to decide them." Orphans' Court Opinion, 3/22/21, at 2.

On December 28, 2020, Kirke filed a motion for reimbursement of legal and expert witness fees and costs he incurred in the guardianship proceedings. Kirke specifically sought reimbursement for "legal fees, expert witness fees, deposition costs, subpoena and records costs." Motion for Reimbursement of Legal and Expert Witness Fees As Well As Costs, 12/28/20, at ¶4. Kirke attached to the motion "billing statements which detailed legal fees and any related costs, such as deposition costs … The total amount for legal fees is $24,520 and the total amount for costs is $2,967.39." *Id.* at ¶7 (stating "amounts are detailed in the summary attached as Exhibit B, all of which were incurred prior to June 22, 2020 and have been paid."). Kirke further averred that he "presented the expert testimony of Dr. Gonzales as an expert neurologist and incurred expert witness fees of $9,000. Dr. Gonzales's

_____

estate." *In re McKean*, *supra* at *11 (citing Orphans' Court Opinion, 8/25/20, at 11).

invoices are attached collectively as Exhibit C, which fees were paid by Kirke

McKean." *Id.* at ¶8.

The orphans' court granted the motion and entered an order specifying:

> . . . the Estate of Margaret A. McKean shall reimburse Kirke J. McKean $21,520.00 for legal fees, $2,967.39 for costs and $9,000.00 for expert witness fees in connection with the guardianship proceedings in this matter.

Order, 12/30/20.

Appellant subsequently filed a motion to strike Kirke's motion, which the

court denied on January 4, 2021.

Mother died on January 3, 2021. On January 26, 2021, while the

guardianship appeal was still pending, Appellant filed the instant appeal from

the order awarding fees and costs. In reviewing the guardianship appeal, this

Court recognized "Mother's death rendered Appellant's [appeal of Kirke's

appointment as guardian] technically moot," but reviewed the merits of the

guardianship issue because "the [orphans'] court's decision to appoint [Kirke]

as guardian of Mother's estate triggered certain collateral effects." ***In re***

***McKean***, ***supra*** at *4-5 (referencing, among other considerations,

Appellant's argument that if this Court determined Kirke's appointment as

guardian of the Estate was improper, Kirke's basis for seeking fees would be

"groundless"). However, as noted above, this Court affirmed the order

appointing Kirke as guardian of the Estate.

In this appeal, Appellant asks:

- 4 -

Did the lower court commit fundamental and reversible error by awarding $36,487.39 in counsel fees and costs *ex parte*?

Appellant's Brief at 6.[2]

We begin by recognizing that an orphans' court decision will not be reversed "unless there has been an abuse of discretion or a fundamental error in applying the correct principles of law." **In re Est. of Krasinski**, 188 A.3d 461, 466 (Pa. Super. 2018) (*en banc*). "The orphans' court's factual findings receive the same deference accorded factual findings of a jury, but we must ensure that the decision of the court is free from legal error." **In re Estate of Rosengarten**, 871 A.2d 1249, 1253 (Pa. Super. 2005).

We have stated that "[a]ttorneys and executors seeking compensation from an estate have the burden of establishing facts which show the reasonableness of their fees and entitlement to the compensation claimed." **In re Estate of Rees**, 625 A.2d 1203, 1206 (Pa. Super. 1993) (citation omitted). It stands to reason that guardians must also establish the reasonableness of their expenses and fees. With regard to attorney fees:

> The facts and factors to be taken into consideration in determining the fee or compensation payable to an attorney include: the amount of work performed; the character of the services rendered; the difficulty of the problems involved; the importance of the litigation; the amount of money or value of the property in question; the degree of responsibility incurred; whether the fund

---

[2] Appellant and the orphans' court have complied with Pa.R.A.P. 1925, although on February 25, 2021, Kirke filed a motion to strike Appellant's 1925(b) statement, asserting it contained "allegations which are misleading at best and potentially false." The orphans' court denied the motion on March 19, 2021.

involved was "created" by the attorney; the professional skill and standing of the attorney in his profession; the results he was able to obtain; the ability of the client to pay a reasonable fee for the services rendered; and, very importantly, the amount of money or the value of the property in question. . . .

By now it is hornbook law that the reasonableness of the fee is a matter for the sound discretion of the lower Court and will be changed by an appellate Court only when there is a clear abuse of discretion.

*LaRocca Estate*, 246 A.2d 337, 339 (Pa. 1968) (citations omitted).

In addition,

It is a well-entrenched rule of law in this State that the responsibility for determining the amount of counsel fees rests primarily with the auditing judge. ... The amount of fees to be allowed to counsel, always a subject of delicacy if not difficulty, is one peculiarly within the discretion of the court of first instance. Its opportunities of judging the exact amount of labor, skill and responsibility involved, as well as its knowledge of the rate of professional compensation usual at the time and place, are necessarily greater than ours, and its judgment should not be interfered with except for plain error.

*Estate of McClatchy*, 424 A.2d 1227, 1230 (Pa. 1981) (citations and quotation marks omitted).

With respect to expert fees, we likewise review for an abuse of discretion. *See Pavex, Inc. v. York Fed. Sav. & Loan Ass'n*, 716 A.2d 640, 647 (Pa. Super. 1998). "The allocation of the fees of the guardian … including the amount thereof and the source of payment, is a matter largely within the discretion of the Orphans' Court, and unless there is a clear abuse of that discretion, the determination will not be disturbed on appeal." *In re Trust Estate of Pleet*, 410 A.2d 1224, 1232 (Pa. 1980).

Upon review, we find Appellant's argument undeveloped. It is well-settled that arguments which are not appropriately developed are waived, and include arguments where the party fails to cite legal authority. *See In re Estate of Whitley*, 50 A.3d 203, 209 (Pa. Super. 2012) (reiterating this Court "will not consider the merits of an argument which fails to cite relevant case or statutory authority"); *see also Lackner v. Glosser*, 892 A.2d 21, 29–30 (Pa. Super. 2006). We recently summarized:

> "The Rules of Appellate Procedure state unequivocally that each question an appellant raises is to be supported by discussion and analysis of pertinent authority." *Commonwealth v. Martz*, 232 A.3d 801, 811 (Pa. Super. 2020) (citation and bracketed language omitted). *See* Pa.R.A.P. 2111 and Pa.R.A.P. 2119 (listing argument requirements for appellate briefs). When an appellant fails to properly raise and develop issues in briefs with arguments that are sufficiently developed for our review, we may dismiss the appeal or find certain issues waived. *Commonwealth v. Hardy*, 918 A.2d 766, 771 (Pa. Super. 2007). *See* Pa.R.A.P. 2101 (explaining that substantial briefing defects may result in dismissal of appeal). It is not this Court's role to develop an appellant's argument where the brief provides mere cursory legal discussion. *Commonwealth v. Johnson*, 985 A.2d 915, 925 (Pa. 2009).

*Kaur v. Singh*, --- A.3d ---, 2021 WL 3282044 at *4 (Pa. Super. Aug. 2, 2021).

Here, as with *Kaur*, Appellant's "cursory legal discussion" and conclusory argument lack citation to controlling case law and fail to provide meaningful legal analysis. Accordingly, we could find waiver and affirm on that basis. In the absence of waiver, however, there is no merit to Appellant's argument.

Appellant claims the orphans' court erred in granting Kirke's motion for reimbursement of fees because the motion "improperly presented as an unverified motion rather than a petition," and was "granted *ex parte*." Appellant's Brief at 8. In his three and a half pages of argument, Appellant claims "procedural error" and cites a single case from 1897 to support his claim that he "had the right to be heard on a matter pending before the court that could result in the deprivation of a party's property." **See** Appellant's Brief at 9-10. Appellant fails to recognize that it was not Appellant, but the Estate, that was "deprived" of property when the orphans' court awarded fees and costs to Kirke. Appellant then cites only two additional cases — one from this Court and one from Commonwealth Court[3] — in claiming the orphans' court erred because "an award of counsel fees is intended as a sanction against those who seek to use legal avenues to harass other parties or attempt to" and "the trial court is required to make findings on the record to support the award of counsel fees." **Id.** at 12 (citing **Berg v. Georgetown Builders, Inc.**, 822 A.2d 810 (Pa. Super. 2003) and **St. Thomas Tp. Bd. of Sup'rs. v. Wycko**, 758 A.2d 755 (Pa. Cmwlth. 2000)). This claim is flawed because Kirke did not seek sanctions; as guardian of the Estate, he expressly requested reimbursement for his expenses incurred in the guardianship proceedings,

---

[3] Decisions rendered by the Commonwealth Court are not binding on this Court. **Beaston v. Ebersole**, 986 A.2d 876, 881 (Pa. Super. 2009) (citing **Commonwealth v. Thomas**, 814 A.2d 754, 759 n. 2 (Pa. Super. 2002)).

which "were observed by and well within the purview of the Judge of the Orphans' Court." Kirke's Brief at 8. Kirke correctly points out that the orphans' court judge "presided throughout the guardianship proceedings, interacted with counsel, observed all of the witnesses who testified throughout the lengthy proceedings, including the expert witness called by the Guardian of the Estate, reviewed court filings, legal arguments of counsel and other proceedings within the matter[.]" Kirke's Brief at 5. Kirke further "relies upon the well-reasoned opinion offered by the Orphans' Court . . . [which] address all of the issues raised and presented by way of Appellant's Statement of Errors Complained of on Appeal." *Id.* at 4 (footnote omitted). We agree with Kirke and his assessment of the orphans' court's opinion.

For example, with regard to Appellant's claim that the orphans' court entered its order *ex parte*, the orphans' court responded:

> This [c]ourt did not conduct a hearing before issuing the order appealed from. To this [c]ourt, the description of the [c]ourt's actions as "ex parte" implies that the [c]ourt improperly excluded counsel for Appellant from a discussion, argument or hearing that occurred without the knowledge of Appellant. The [c]ourt did no such thing.

Orphans' Court Opinion, 3/22/21, at 5.

The term *ex parte* is defined as:

> On one side only; by or for one party; done for, in behalf of, or on the application of, one party only. A judicial proceeding, order, injunction, etc., is said to be ex parte when it is taken or granted at the instance and for the benefit of one party only, and without notice to, or contestation by any person adversely interested.

*Commonwealth v. McCullough*, 230 A.3d 1146, 1159 n.3 (Pa. Super. 2020) (citation omitted), *appeal denied*, 249 A.3d 244 (Pa. 2021). **See also** Black's Law Dictionary (11th ed. 2019) ("ex parte adj. (17c) Done or made at the instance and for the benefit of one party only, and without notice to, or argument by, anyone having an adverse interest ...").

The orphans' court explained,

> . . . counsel for Appellant was served a copy of the Motion for Reimbursement of Legal and Expert Witness Fees as well as Costs. Based on the face of the motion and without any hearing or discussion with any counsel, the [c]ourt entered its Order granting the motion. **There was no need for a further hearing as all the needed evidence was already on the record**. The [c]ourt's Order was served on all counsel of record. There was no improper *ex parte* action by the [c]ourt. Moreover, counsel for Appellant filed a Motion to Strike the Motion for Reimbursement of Legal and Expert Witness Fees as well as Costs and the [c]ourt denied the same. Appellant was thus heard from in writing as well, and any *ex parte* action was rendered moot.

Orphans' Court Opinion, 3/22/21, at 6-7 (emphasis added).

Upon review, we find no abuse of discretion. **See ACE Am. Ins. Co. v. Underwriters at Lloyds & Cos.**, 939 A.2d 935, 946 (Pa. Super. 2007) (trial court acted within its discretionary authority in awarding fees without conducting an evidentiary hearing where court observed counsel's actions firsthand). Accordingly, we affirm the orphans' court's order directing the Estate to reimburse Kirke for legal fees, expert witness fees, and costs incurred in the guardianship proceedings.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/30/2021