J-A27029-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| IN RE: ESTATE OF OWEN EUGENE MEALS, SR. | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: ESTATE OF OWEN EUGENE MEALS, SR. | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 394 MDA 2023 |

Appeal from the Order Entered February 17, 2023
In the Court of Common Pleas of Cumberland County Orphans' Court at
No(s): 21-20-0239

BEFORE:   LAZARUS, J., NICHOLS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY NICHOLS, J.:                   **FILED: APRIL 22, 2024**

Appellant, the Estate of Owen Eugene Meals, Sr. (the Estate), appeals from the order awarding attorney's fees to the Estate.  The Estate argues that it was owed $65,687.58 in attorneys' fees, and it asserts that the orphans' court abused its discretion in reducing the award of attorneys' fees to $6,600. We affirm.

The orphans' court summarized the relevant facts and procedural history of this matter as follows:

> The decedent in this case, Owen Eugene Meals, Sr. (hereinafter Decedent), died on January 23, 2020, leaving his personal residence at 1501 Shirley Avenue, Carlisle, Pennsylvania to [Appellee Norma Smith[1] (Ms. Smith)] and the rest of his property to his son, Owen E. Meals, Jr. (hereinafter Mr. Meals).

---

[*] Former Justice specially assigned to the Superior Court.

[1] *See* Opinion and Order, 7/1/22, at 1 (unpaginated).

A dispute arose between Mr. Meals and Ms. Smith when Mr. Meals requested to remove his inherited property from the home that was bequeathed to Ms. Smith. Ms. Smith took issue with his request because she had resided in that home for at least 15 years and had accumulated property of her own amidst the property that now belonged to the Estate. There was also a dispute as to whether certain items requested by Mr. Meals were actually present in the home.

The resistance by Ms. Smith to allow Mr. Meals in his role as executor to examine or remove the contents of the home resulted in Mr. Meals filing three separate petitions to gain access to the property, to remove personal property belonging to the Estate, and to determine ownership of disputed personal property. Ultimately, as a result of her actions to impede the ability of Mr. Meals to effectively review, appraise, and remove property belonging to the Estate, the court ordered Ms. Smith to pay a sum of $2,000.00 based on her contempt.

The court also ordered that Ms. Smith was to pay the reasonable attorney's fees associated with the Estate's petition for adjudication of personal property claims and for costs and contempt of court orders (hereinafter the petition for adjudication), and [the orphans' court] gave the parties 60 days to negotiate the amount. Having failed to reach an agreement, a hearing was held on December 8, 2022, on the limited topic of the reasonable attorney[s'] fees relevant to the petition for adjudication.

At the hearing, Steven Grubb, Esquire (hereinafter Attorney Grubb) testified in support of the Estate and discussed the invoice for legal fees and costs that his firm, Salzmann Hughes, P.C., submitted to the Estate for payment totaling $65,687.58. In support of Ms. Smith, testimony was provided by Michael Scherer, Esquire and Andrew Sheely, Esquire to oppose the assertion that the legal fees requested were "reasonable."

Following the hearing, the [orphans'] court permitted the parties to file post-hearing briefs. Both the Estate and Ms. Smith filed briefs on January 20, 2023, and reply briefs on January 27, 2023.

On February 17, 2023, the [orphans'] court issued an order of court awarding the Estate reasonable attorney's fees in the amount of $6,600.00 to be paid by Ms. Smith within 120 days. In doing so, the [orphans'] court concluded that the Estate's

submission of $65,687.58 in attorney's fees and costs was manifestly excessive and patently unreasonable. . . .

Trial Ct. Op., 5/1/23, at 1-2 (citations and quotation marks omitted and some formatting altered).

On March 9, 2023, the Estate filed a timely appeal from the February 17, 2023 order.[2]  Both the trial court and the Estate complied with Pa.R.A.P. 1925.

On appeal, the Estate raises the following issues:

1. Did the [orphans'] court abuse its discretion in awarding the Estate . . . attorneys' fees and costs in the amount of $6,600.00, which was only approximately ten percent (10%) of the actual amount the Estate expended on attorneys' fees and costs associated with the Estate's petition for adjudication of personal property claims and for costs and contempt of court orders (the petition) where:

   A. The [orphans'] court failed to justify a 90% reduction in the fees and costs it awarded the Estate as a sanction and, further failed to justify the basis for its award of only $6,600 in attorneys' fees and costs;

_____

[2] Generally, an order awarding counsel fees is a final and appealable order. *See Carmen Enterprises, Inc. v. Murpenter, LLC*, 185 A.3d 380, 388 (Pa. Super. 2018).  However, although the July 1, 2022 order in this case stated that the Estate was entitled to reasonable attorneys' fees, it was not final as it specifically anticipated further proceedings. *See also West v. West*, 446 A.2d 1342, 1343 (Pa. Super. 1982) (explaining that, generally, an order that anticipates further proceedings is interlocutory and unappealable); Pa.R.A.P. 341(b)(1) (stating that a final order is one that "disposes of all claims and all parties").  Therefore, we conclude that the order awarding attorneys' fees was not final until the February 17, 2023 order was entered which directed Ms. Smith to pay the Estate a specific amount of attorneys' fees and resolved all outstanding claims. *See* Pa.R.A.P. 341(b)(1).  Accordingly, we conclude that the Estate's appeal from the February 17, 2023 order is properly before this Court.

B. The [orphans'] court failed to properly consider and rely upon the legal factors used to assess and award reasonable attorneys' fees; and

C. The [orphans'] court failed to properly sanction a litigant for their contemptuous conduct.

The Estate's Brief at 5 (formatting altered).

All of the Estate's claims concern the order awarding reasonable attorneys' fees. The Estate argues that the orphans' court failed to justify how it determined that $6,600 was a reasonable amount for attorneys' fees and claims that the trial court abused its discretion and failed to consider relevant factors in reaching its conclusion. The Estate's Brief at 15-19. The Estate asserts that the attorneys' fees were intended as a sanction for Ms. Smith's conduct in hindering the Estate's actions in this matter, and asserts that the February 17, 2023 order "re-shaped" the proceedings. *See id.* at 17-23. Therefore, the Estate contends that the orphans' court failed to properly sanction Ms. Smith for her conduct. *See id.* at 25-31.

Ms. Smith argues that the orphans' court judge, the Honorable Carrie E. Hyams, presided over this case from its inception to its conclusion, and Judge Hyams was in the best position to evaluate the reasonableness of attorneys' fees in this matter. Ms. Smith's Brief at 4. Ms. Smith asserts that the orphans' court did not arrive at an award of $6,600 in a vacuum, as it held hearings and carefully considered the relevant factors in determining the amount of attorneys' fees. *See id.* at 5-6. Ms. Smith concludes that the orphans' court's award of attorneys' fees in this matter was reasonable. *See id.* at 9.

- 4 -

"[A]ttorney's fees in an estate are based on the reasonable value of the service actually rendered." ***In re Estate of Rees***, 625 A.2d 1203, 1206 (Pa. Super.1993) (citation omitted). "Attorneys . . . seeking compensation from an estate have the burden of establishing facts which show the reasonableness of their fees and entitlement to the compensation claimed." ***Id.*** (citation omitted).

> What is a fair and reasonable fee is sometimes a delicate, and at times a difficult question. The facts and factors to be taken into consideration in determining the fee or compensation payable to an attorney include: the amount of work performed; the character of the services rendered; the difficulty of the problems involved; the importance of the litigation; the amount of money or value of the property in question; the degree of responsibility incurred; whether the fund involved was 'created' by the attorney; the professional skill and standing of the attorney in his profession; the results he was able to obtain; the ability of the client to pay a reasonable fee for the services rendered; and, very importantly, the amount of money or the value of the property in question.

***In re LaRocca's Trust Estate***, 246 A.2d 337, 339 (Pa. 1968). "By now it is hornbook law that the reasonableness of the fee is a matter for the sound discretion of the [orphans' c]ourt and will be changed by an appellate Court only when there is a clear abuse of discretion." ***Id.***

The Pennsylvania Judicial Code provides, in relevant part, as follows:

> The following participants shall be entitled to a **reasonable** counsel fee as part of the taxable costs of the matter:
>
> * * *
>
> (7) Any participant who is awarded counsel fees as a sanction against another participant for dilatory, obdurate or vexatious conduct during the pendency of a matter.

* * *

(9) Any participant who is awarded counsel fees because the conduct of another party in commencing the matter or otherwise was arbitrary, vexatious or in bad faith.

42 Pa.C.S. § 2503(7), (9) (emphasis added). Further, this Court has explained:

We have a limited power of review of court awarded fees. As the Supreme Court has so frequently stated, the responsibility for setting such fees lies primarily with the trial court and we have the power to reverse its exercise of discretion only where there is plain error. Plain error is found where the award is based either on factual findings for which there is no evidentiary support or on legal factors other than those that are relevant to such an award. The rationale behind this limited scope of review is sound. **It is the trial court that has the best opportunity to judge the attorney's skills, the effort that was required and actually put forth in the matter at hand, and the value of that effort at the time and place involved.**

*Carmen Enterprises, Inc. v. Murpenter, LLC*, 185 A.3d 380, 390 (Pa. Super. 2018) (emphasis in original and some citations omitted and formatting altered). "[T]he burden is on the claimant to justify a fee request[, and the orphans' court] does not have to address every *LaRocca* factor." *Id.* (citation omitted). "Additionally, it has long been the law of Pennsylvania that attorney's fees should be on a moderate scale of compensation, and none should be allowed but such as are fair and just." *Id.* (citation omitted and formatting altered).

Here, in calculating reasonable attorneys' fees, the trial court reiterated that it was not required to address each factor from *LaRocca*, and then explained:

Still, it is important to note that here the [orphans' court] considered all of the *LaRocca* factors in coming to its decision. In doing so, the February 17, 2023 order of court focused on the factors that were most important to the [orphans' c]ourt in this case. Specifically, the court addressed the following *LaRocca* factors:

- the amount of work performed (The billing statements demonstrate that there was an inordinate amount of work performed on this dispute[]);

- the character of the services rendered (The Estate spent an extensive amount of time in trial preparation, trial attendance and preparing legal argument on property items that were not awarded to the Estate.);

- the difficulty of the problems involved (The overall case was not complex[]); and

- the amount of money or value of the property in question (The amount of money and value of the property that one reasonably could presume would be awarded to the Estate was not a large sum.).

The statements above further demonstrate why the Court reduced the fees and costs awarded to the Estate. Specifically, among other reasons, the court concluded that there was an inordinate amount of work performed on this dispute and that an extensive amount of time was spent in trial preparation, trial attendance and preparing legal argument on property items that were not awarded to the Estate. The court's conclusion that the Estate created complexities by seeking several high-priced property items with no evidence demonstrating that [Ms.] Smith possessed those items, further serves to justify the reduction in fees and costs awarded to the Estate.[3]

---

[3] The Estate asserts that the orphans' court erred in concluding that the Estate performed an "inordinate" amount of work on this dispute and that an extensive amount of time was spent in trial preparation, trial attendance, and preparing argument on property that was ultimately not awarded to the Estate. *See* The Estate's Brief at 25-26. The Estate argues that "[e]xpending over $65,000.00 in a thirteen-month litigation in pursuit of invaluable family heirlooms is not unreasonable." *Id.* at 25. However, the Estate has not

*(Footnote Continued Next Page)*

*See* Trial Ct. Op., 5/1/23, at 5 (citations and quotation marks omitted and some formatting altered).

As noted previously, the Estate also claimed that the orphans' court February 17, 2023 order awarding attorneys' fees conflicted with the July 1, 2022 order and "re-shaped" the proceedings. *See* The Estate's Brief at 23. We conclude that there is no merit to this claim. The July 1, 2022 order directed Ms. Smith to pay the Estate $2,000 as a sanction for her contempt,

_____

challenged the orphans' court's findings as to ownership of the property, the valuation of the property, or the valuation of the estate as a whole. As the orphans' court noted, "[t]he burden of proof is on anyone who claims property in the possession of another to establish facts essential to the validity of his claim of ownership." Opinion and Order, 7/1/22, at 2 (quoting *Whitenight v. Whitenight*, 278 A.2d 912, 914 (Pa. 1971)). The July 1, 2022 order concluded that the Estate failed to sustain its burden with respect to whether Ms. Smith had contemptuously retained or distributed other personal property including coins, jewelry, cash, guns, furniture, dishes, and other miscellaneous items. *See* Opinion and Order, 7/1/22, at 5-6 (unpaginated). The orphans' court found that the Estate failed to demonstrate that the Decedent possessed many of these personal property items at the time of his death and that the items were in the possession of Ms. Smith after Decedent's death. *See id.* at 5-6 (unpaginated). In support of its conclusions, the Court noted that much of the Estate's evidence involved claims that Ms. Smith possessed Decedent's personal property five to twenty years ago during the time they lived together. *See* Opinion and Order, 7/1/22, at 6 (unpaginated). Because the Estate has not challenged the orphans' court's conclusions regarding ownership or valuation of the property, any challenges to these issues are waived. *See* Pa.R.A.P. 302(a) (stating that "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal."); *see also See Korman Commercial Props. v. Furniture.com, LLC*, 81 A.3d 97, 102 (Pa. Super. 2013) (explaining that claims not raised before the trial court and not presented in the Rule 1925(b) statement are waived on appeal).

and it further awarded the Estate "reasonable" attorneys' fees.  **See** Opinion and Order, 7/1/22, at 7 (unpaginated).  The order directed:

> Counsel for the Estate shall submit a reasonable attorney's fee invoice/exhibit to counsel for Ms. Smith within 30 days of the date of this opinion and order of court.  The parties shall have 60 days from the date of this order to attempt to negotiate a reasonable attorney's fee award.  If the parties are unable to negotiate a reasonable attorney's fee award agreement, they shall notify chambers . . . and a hearing on the limited topic of the reasonable attorney's fees relevant to the petition for adjudication of personal property claims and for costs and contempt of court orders will be scheduled.

**Id.** (formatting altered).

The parties could not arrive at an agreed-upon amount of attorneys' fees, and the orphans' court held a hearing to address only the amount of reasonable attorneys' fees.  As stated, the orphans' court considered the **LaRocca** factors, and it directed Ms. Smith to pay $6,600 in reasonable attorneys' fees.  **See** Order, 2/17/23, at 2-3 (unpaginated).  On this record, we do not agree with Appellant that the orphans' court's order failed to properly sanction Ms. Smith nor that somehow it erroneously "re-shaped" the proceedings with its determinations.  Further, the Estate did not challenge the $2,000 sanction for Ms. Smith's contempt in its Rule 1925(b) statement.  Therefore, to the extent the Estate seeks to raise that issue on appeal, it is waived.  **See** Pa.R.A.P. 302(a); **see also See Korman Commercial Props.**, 81 A.3d at 102.

Following our review of the record, we discern no abuse of discretion by the orphans' court in awarding the Estate $6,600 as reasonable attorneys'

fees. *See Carmen Enterprises, Inc.*, 185 A.3d at 390; *LaRocca's Trust Estate*, 246 A.2d at 339. The Estate has the burden to establish facts to support its contentions that the orphans' court's assessment of attorneys' fees was unreasonable. *See LaRocca's Trust Estate*, 246 A.2d at 339. Here, the orphans' court judge has presided over this matter since the beginning of the case, therefore, it is in the best position to directly observe and value legal counsel's efforts in this matter rather than an appellate court that only reviews a cold record. *See*, *e.g.*, *A.L. v. Pennsylvania State Police*, 274 A.3d 1228, 1239 (Pa. 2022) (recognizing that appellate courts rely on a cold record and defer to the fact-finder's factual findings because the fact-finder "hears witness testimony first-hand [and] is able to take into account not only the words that are spoken and transcribed, but the witnesses' demeanor, tone of voice, mannerisms, and the like"); *Interest of H.H.*, 42 WDA 2023, 2023 WL 3884674, at *9 (Pa. Super. filed Jun. 8, 2023) (stating "we must defer to the trial court's factual findings when they are supported by competent evidence of record, as unlike this Court, which reviews proceedings based on the cold record, . . . the lower court reaches its conclusions often based on first-hand observations of the parties spanning multiple hearings.") (unpublished mem.).[4] Absent an abuse of discretion or legal error, this Court will not disturb the orphans' court's conclusions duly supported by the record as in this case. *See Carmen Enterprises, Inc.*, 185 A.3d at 390; *LaRocca's Trust Estate*,

---

[4] *See* Pa.R.A.P. 126(b) (stating that unpublished memoranda filed after May 1, 2019 may be cited for persuasive value).

246 A.2d at 339. We observe that the orphans' court thoroughly explained its consideration of the **LaRocca** factors, applied those factors to the case at bar, and awarded the Estate $6,600 in attorneys' fees based on the facts of this case. On this record, we conclude that the orphans' court properly considered these factors and acted within its discretion in assessing the amount of attorneys' fees due the Estate, therefore no relief is due. ***See Carmen Enterprises, Inc.***, 185 A.3d at 390; ***LaRocca's Trust Estate***, 246 A.2d at 339.

For these reasons, we affirm.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/22/2024